[S. F. No. 1998.   Department One.—December 31, 1902.]

## CAROLINE A. PAINTER, Executrix, and R. B. DALLAM, Executor, of Will of Jerome B. Painter, Deceased, Respondents, v. THEODORE P. PAINTER, and J. MILTON PAINTER, Appellants; THE J. B. PAINTER COMPANY (a corporation), and A. O. COLTON, Receiver, Respondents.

RECEIVER OF PARTNERSHIP—ACTION ALLOWED BY COURT—CONCLUSIVE-NESS OF JUDGMENT—REPRESENTATION OF PARTIES INTERESTED.— A judgment against a receiver of partnership assets rendered in an action permitted to be brought against him by the court upon a claim in the nature of costs incurred by the receiver in the management and conduct of the business under his control, is conclusive against the receiver, and upon all persons interested in the estate intrusted to his management, whom he represents, including the surviving partner and all creditors, whether made parties to the action or not.

ID.—SURVIVING PARTNER CONCLUDED—ENFORCEMENT OF JUDGMENT.—The surviving partner who was made co-defendant with the receiver, and who answered and might have defended the action, but was dismissed therefrom of his own motion, is concluded by the judgment rendered against the receiver, and cannot attack it, upon application made to the court to enforce the judgment by the sale of partnership assets.

ID.—FORM OF JUDGMENT—MODE OF ENFORCEMENT.—A judgment rendered against a receiver should be against the receiver in his official capacity, leaving the matter of its enforcement to be determined by the court having jurisdiction of the receivership, which has exclusive control thereof.   Execution cannot issue upon the judgment; but application to enforce payment must be made to the court.

ID.—ORDER ENFORCING PAYMENT—APPEAL—QUESTIONS NOT REVIEW-ABLE—DISCRETION.—Upon appeal from an order enforcing payment of the judgment, the questions whether the receiver should have been appointed, and whether his administration has been faulty, and where the fault lies, if any, cannot be considered; and where no abuse of discretion appears the order will be affirmed.

ID.—DIRECTORY BUSINESS—JUDGMENT FOR LOSS—PAYMENT OUT OF GENERAL ASSETS.—Where the judgment was for loss in the publishing of a directory allowed by the court, under contract of the receiver with a corporation, and there was nothing in the contract limiting the liability of the receiver to the proceeds of the directory business, the court properly ordered payment out of the general assets.

ID.—PARTIES TO PETITION—CREDITORS—ORDER OF SALE.—It is not ne-
cessary that the creditors should have been made parties to the peti-
tion to enforce the judgment by a sale of sufficient assets to pay
it, where it does not appear that its payment will exhaust the estate
or prevent any known creditors from being paid. That the creditors
have not pressed their claims and made a similar demand for the
receiver to sell assets to pay their claims furnishes no reason for
delaying to enforce payment of the judgment by necessary sale of
assets.

APPEAL from an order of the Superior Court of the City
and County of San Francisco directing the sale of assets by
a receiver to pay a judgment against him. James M. Troutt,
Judge.

The facts are stated in the opinion of the court.

Pringle & Pringle, for Appellants.

M. B. Kellogg, for Executor and Executrix, Respondents.

Edward Mills Adams, and Francis J. Heney, for J. B.
Painter Company (a corporation), Respondent.

Martin Stevens, for A. O. Colton, Receiver, Respondent.

VAN DYKE, J.—This is an appeal by defendants from an
order authorizing and directing A. O. Colton, as receiver of
the firm of Painter & Co., in the said cause, to pay the judg-
ment rendered in the superior court of the City and County
of San Francisco, in favor of the J. B. Painter Company, as
plaintiffs, against A. O. Colton, said receiver, as defendant,
in the sum of $11,085.73, and to sell sufficient of the real and
personal property of the said firm of Painter & Co. to pay said
judgment. The court found that from October 1, 1865, to
February 6, 1883, Jerome B. Painter and Theodore P. Painter
were partners, under the style of Painter & Co. On February
6, 1883, Jerome died, and thenceforward Theodore has been,
and now is, the surviving and only partner of said firm. The
J. B. Painter Company is, and since September 21, 1894, has
been, a corporation. On December 13, 1894, A. O. Colton
became, and ever since has been, the duly appointed and qual-
ified and acting receiver of said firm of Painter & Co., ap-
pointed by the court on plaintiffs' application in the action

now pending in said court. The order of appointment was for the receiver "to take immediate possession of all the books, papers, vouchers, securities, and of all the property of every nature and kind belonging to the firm of Painter & Co., and thereafter to hold, manage and control the business and property of said firm, . . . and generally to do such acts respecting the property as the court may from time to time authorize, and finally to dispose of the same as the court shall direct." It appears also that the assets of the firm consisted, among other property, of a plant for the manufacture and sale of type and printers' materials, solvent credits, real estate in San Francisco, and the right of publication of Langley's San Francisco Directory, and it was found by the court that the compiling and publishing of this directory was a part of the business of the firm intrusted to the receiver. Part of the business relating to the manufacture and sale of printing materials was conducted by the receiver at a loss, and was discontinued in 1895, but the publication of the directory he conducted for several years, and until 1894, inclusive, at considerable profit. In December, 1894, the receiver found himself without means sufficient to publish the directory for 1895, and thereupon filed a petition in said cause for authority to accept an offer of said J. B. Painter Company to publish said directory for the year 1895 under direction of the receiver, and to authorize the receiver to enter into a contract with said corporation for said purpose and on the terms proposed by it. Notice was duly served upon the attorneys for the plaintiffs and defendants in said action, together with copies of the affidavits and papers on which the motion would be made. On January 11, 1895, the court made an order granting the receiver's petition, and on January 18, 1895, the contract referred to was duly made and executed pursuant to the order of court. It is further found that the corporation performed all the conditions of its contract, in the course of which, and "in accordance with the terms of said contract, loaned and advanced to said receiver all the funds necessary for the compilation and publication of Langley's Directory," and a full and detailed statement of the money advanced and money received by the corporation is set out in the findings, showing advancements in excess of receipts amounting to $8,316.56 principal, on which, as interest on the same by the

terms of the contract, the court found to be due the further sum of $2,769.17, in all $11,085.73. On February 3, 1896,. the corporation presented its claim to the receiver and demanded payment, which being refused the corporation, by leave of court, brought its action to recover said amount against said receiver, making the firm of Painter & Co. and Theodore P. Painter, as surviving partner of said firm, de-- fendants thereto. The receiver and the said surviving part- ner of said firm answered to the action. At the trial, after plaintiff had rested, and on motion of defendants Painter &. Co. and Theodore P. Painter, the cause was dismissed as to· them and proceeded against the defendant the receiver, and judgment was entered in favor of the J. B. Painter Company against said receiver on October 19, 1897. No appeal was taken from this judgment and no motion for a new trial was. made. On March 31, 1898, the corporation made application in the present cause, by petition, setting forth all the facts. leading up to its judgment, for an order authorizing the receiver to pay said judgment, and for that purpose to sell sufficient of the real and personal property of the firm of Painter & Co., and that the parties to the present action be required to show cause why such order should not be made.. At the time this application was made there was pending in. said action also the application of Adaline Mininger and Josephus Painter for orders of the court, filed some time in April, 1897, authorizing the receiver to pay the several amounts alleged to be due them by Painter & Co., as set forth. in affidavits, as shown in the transcript. The receiver filed affidavits in answer to these last-mentioned applications,. pleading, among other defenses, the statute of limitations. It. appears that on March 31, 1898, the court denied these last-- named applications "without prejudice," and made an order that the receiver and the parties to this action show cause why an order should not be made in accordance with the petition of said corporation, copies of which were ordered served on said named parties, and were so served. Neither said plaintiffs nor said receiver showed cause why said appli- cation should not be granted, nor did they answer. The de- fendant Theodore P. Painter answered the application of the corporation and objected thereto on the grounds,—1. That the said judgment in favor of the corporation is not final, for

the reason that this defendant has filed his bill in equity against the receiver and said corporation, to set aside said judgment and grant a new trial, because of errors of law and insufficiency of the evidence to justify the findings; that by the refusal of the receiver to appeal from said judgment in favor of the corporation, said defendant Theodore P. Painter, as surviving partner of Painter & Co., lost the opportunity of obtaining a review of the proceedings by the supreme court; and that by said bill in equity this defendant seeks to enjoin the corporation from collecting said judgment and said re-. ceiver from paying the same, and said action is now pending in said superior court, and is undetermined.    (These proceedings do not appear in the record.)    2. That said judgment is not binding on this defendant Theodore P. Painter, nor on the firm of Painter & Co., or the assets thereof, because it was adjudged in said action that plaintiff the corporation had failed to prove a sufficient case against them, or either of them, or the assets of said firm.    (The proceedings in that trial do not appear here, except that the complaint and answer and judgment are set forth.)    3. That none of the other creditors of the firm of Painter & Co. are made parties to this proceeding or notified thereof, alleging that there are other creditors, but naming none (it does not appear who are creditors, except as above shown) ; also, for the further reason that no order can be properly made for the payment of said judgment until the receiver has presented his account showing the condition of said firm.    4. That said judgment can have no other or further weight than an ascertainment of indebtedness by the receiver to said corporation, and that payment cannot be made except upon final liquidation of the affairs of the firm and the settlement and adjustment of its liabilities.    5. That the defendants in this present action have given notice of intention to vacate the judgment rendered herein, and they object to payment of the corporation's judgment or any sale of the firm's assets while it is undetermined whether the receiver was rightfully appointed or not. On September 22, 1898, the court made its order directing payment of said judgment in favor of said corporation and the sale of sufficient of the personal and real property in the hands of the receiver belonging to Painter & Co. to pay the

said judgment. It is from this order that the defendants Theodore P. Painter and J. Milton Painter appeal.

Respondent claims that Milton Painter is improperly joined in the appeal, because he was not a member of the firm, and if he has any interest in the firm assets it does not appear, and therefore he cannot be injured by the sale. His claim, we understand, is a share of the ownership in the directory or its proceeds, but his interest therein was not shown by him in the suit of the corporation nor in the opposition to the order. However, all the points made arise on Theodore's appeal, and it is not necessary to decide the question at this time.

The contention of appellants is, that the judgment against the receiver is not conclusive against Theodore, the surviving partner, for the reason that he has had no opportunity to be heard, and that in order to save his property he may now attack the judgment on its merits. But the record shows that he had an opportunity to attack the claim of the corporation in its suit against the receiver, for he was a party defendant thereto, and on his own motion the cause was dismissed as to him. The reason assigned was, that no case was shown against him, and probably could not be. But he was a party defendant, and could have set up, and in fact did plead, facts which would probably have defeated the corporation's suit had they been established. Furthermore, we are of the opinion that the judgment was conclusive against the surviving partner, whether or not he had been made a party to the action. The court granted leave to sue the receiver. The claim was in the nature of costs incurred by the receiver in the management and conduct of the business under his control, precisely as if he had himself incurred the liability in the direct publication of the directory, as he had done in previous years, and had become indebted for material and labor. In such case he would become liable as receiver, and the estate intrusted to his management would be chargeable with payment. He represented all persons interested in the estate, and the judgment was conclusive upon them as well. Although the judgment became final by failure to appeal therefrom or to move for a new trial, it could not be enforced by execution, and the creditor applied to the court for the order in question, as accords with the practice in such cases. "The judgment should be against the receiver in his official capacity, leaving the matter of its en-

forcement to be determined by the court having jurisdiction of the receivership. . . . The manner of paying the judgment is under the exclusive control of the court in which the receivership proceeding is pending, and to it there must be an application for its payment. Execution cannot be issued against a receiver; the judgment only operates as an established claim against the assets in the possession of the receiver.'' (Beach on Receivers, sec. 720.) The judgment is conclusive against the receiver, and is, we think, conclusive as to all whom he represents. (Beach on Receivers, secs. 659, 721.)

The petition for an order to enforce the judgment could not be defeated by the attack on the judgment, for, as was said by Mr. Beach, ''It is apparent that if a judgment against a receiver, where presented to the court having jurisdiction of the receivership proceeding for payment, may be modified, changed, or rejected, the trial of the cause in which it was rendered would be but an empty and useless formality.'' (Beach on Receivers, sec. 721.) Nor does this view conflict with the rule relied on by appellants, that a judgment is only conclusive against parties and privies. The receiver represented creditors and the partners. It was not necessary to the conclusiveness of the judgment that the surviving partner and all the creditors, if there were such, as is alleged in defendants' answer, should be made parties to the action against the receiver; nor was it necessary that they should be made parties to the petition for an order to enforce payment. But defendants being so made parties they, as well as the receiver, could only be heard to oppose the petition on proper grounds, but could not attack the judgment. At the hearing neither defendants nor the receiver showed cause why the order should not be made. The defendants submitted no evidence outside the papers in the case, and the evidence tended to support the order.

It is further contended that the court exceeded its jurisdiction in authorizing the receiver to enter into the contract. This contention is urged mainly on the ground that it is made the duty of the surviving partner to wind up the affairs of the partnership. (Code Civ. Proc., sec. 1585.) It is urged that the receiver has taken an unreasonable time in which to settle the affairs of the partnership. All this may be true, and it

yet remains that the court had the power to appoint the receiver. (Code Civ. Proc., sec. 564.) If his administration has been unduly prolonged, or he has been unfaithful to his trust, defendants have had a remedy by applying for his discharge, and they could have opposed the appointment in the first instance. The order now under review cannot be attacked on the ground that the court erred in originally appointing the receiver; nor can we see anything in the record to warrant the claim that the court abused its discretion in granting the order. What are the merits underlying the long-delayed settlement of this partnership business? Whether a receiver should have been appointed at all, and where the fault lies, if any, in his administration, are questions not now before us.

It is claimed that it was error to order the judgment to be satisfied out of any of the assets of the firm except the directory business. We find nothing in the contract thus limiting the liability to the corporation, and we see no reason why it should be thus limited. In view of the fact found by the court, that, notwithstanding the corporation performed all the covenants of the contract on its part, the publication resulted in a loss, it would be inequitable to cast this loss on the corporation, or compel it to look alone to a single asset of the partnership that might be insufficient to make the corporation whole. In a sense, the directory business was a separate business, but it was only a separate part of an entire business.

We are unable to agree with appellant that the claim of the corporation should abide a final settlement of the accounts of the receiver, and that in obtaining the order it should have made other creditors parties to the petition. It does not appear that the payment of this judgment will exhaust the estate or prevent any known or alleged creditors from being paid. That they have not pressed their claims and made similar demand for the receiver to sell assets and pay their claims furnishes no reason for delaying the payment of this judgment. The necessity for the sale was fully shown, and that payment could not otherwise be made.

The order is affirmed.

Harrison, J., and Garoutte, J., concurred.

Hearing in Bank denied.