Municipality of Cabo Rojo, Petitioner, *v.* District Court of Mayagüez, Charles E. Foote, J., Respondent.—Antonio Martín, in the name of Caja de Economías y Préstamos de Cabo Rojo, Intervenor.

No. 558. Argued March 7, 1927.—Decided July 30, 1927.

*Ricardo del Toro Soler* for the petitioner. *A. Ramírez* for the intervenor.

Mr. Justice Aldrey delivered the opinion of the court.

The Municipality of Cabo Rojo brought an action of debt

in the District Court of Mayagüez against the Caja de Economías y Préstamos de Cabo Rojo and attached property belonging to it to secure the effectiveness of the judgment. It was alleged in the verified complaint that it had deposited with the defendant bank the sum of $15,000 to be returned in six months with interest thereon at the rate of 3½ percent; that at the expiration of the six months it withdrew $12,000, leaving a balance in favor of the plaintiff of $3,000; that having deposited subsequently on current account with the same defendant bank the sum of $15,000, the total balance in favor of the plaintiff amounted to $18,000; that a check was drawn by the municipal treasurer on the defendant and it refused payment, stating that it did not have sufficient funds in hand to cash it, whereupon the plaintiff protested the check on the same day of the refusal to pay by means of a notarial act wherein the defendant acknowledged the debt; that the said sum had not been paid either totally or partially by the defendant or any other person, for all of which it prayed for a judgment in its favor for $18,000 with legal interest thereon from the date of filing the complaint and the costs.

The Caja de Economías y Préstamos de Cabo Rojo filed an unverified answer, making a general denial of all of the allegations of the complaint, whereupon the plaintiff moved the court to render judgment against the defendant.

Before this motion was ruled on Antonio Martín appeared in the action and stated that after the filing of the complaint in the present action he was appointed receiver of the defendant in another proceeding; that the sum claimed by the municipality is owed to it by the defendant and that as the bank is under receivership, he should have intervention in the proceedings brought against it, wherefore he prayed the court to consider him subrogated in representation of the defendant and as acquiescing in the motion for a judgment on the pleadings, but that the execution of the judgment be

suspended until the liquidation of the Caja de Economías y Préstamos de Cabo Rojo or the continuation of its business, without special imposition of costs.

The plaintiff opposed the suspension of the execution of the judgment and the prayer that no costs be imposed, and the court overruled the motion of the plaintiff for a judgment for the reason that the defendant was under receivership. The record does not show the date of that ruling, but according to a sworn petition of the plaintiff it was made on January 19, 1927. From that ruling the plaintiff municipality brought the present certiorari proceeding in which we have heard the parties interested.

A judgment on the pleadings may be rendered in favor of a plaintiff when his verified complaint is not answered by the defendant under oath, as held in the cases of *Tettamanzi et al.* v. *Zeno,* 24 P.R.R. 724, and *Candal* v. *Pierluisi,* 28 P. R.R. 564; and as the only reason which the trial court had for its refusal to render judgment is that the defendant is under a receivership, the question to be decided is whether or not that condition justifies its refusal to render judgment as prayed for by the plaintiff.

There is no provision in the Banks and Banking Act, No. 18 of 1923, p. 82, nor in the amendments made thereto by Act No. 68 of 1925, p. 352, that in actions against a bank judgment should not be rendered after a court has ordered a receivership or its dissolution and liquidation. It was provided by section 26 of the Act of 1923 only that if in consequence of an examination made or a report from an examiner of banks, the Treasurer of Porto Rico should have reason to believe that a bank or foreign bank is not in a sound financial condition to continue doing business, after hearing the bank he may recommend to the Attorney General that he institute proper action or proceeding for having the bank declared in liquidation. This provision was amended by the Act of 1925 to the effect that if in consequence of the

aforesaid examination or report the Treasurer should have reason to believe that the bank is not in a sound financial condition to continue doing business or that *its affairs are managed in such a manner that the public or the persons and firms having funds or securities in its custody are in danger of being defrauded, the Treasurer, after hearing the bank, may recommend to the Attorney General that he institute proper action or proceedings for having the bank or foreign bank declared in liquidation, or that it be placed under receivership, at the discretion of the Treasurer.* We have not transcribed the provision literally and the italics are ours. As may be seen from the amendment, the Act of 1923 which referred only to the case where the liquidation should be sought in case of inability of the bank *to continue* its business, for which reason its liquidation should be sought, has been made extensive to a case where the bank's affairs are not well managed, when a receiver should be asked for. Therefore, the receivership of a bank may be ordered if it is badly managed, or its liquidation if the financial conditions are such as to prevent the continuation of its business. In this case what has been ordered is the receivership of the bank, but not its liquidation.

The last paragraph of section 35 of the Banking Act of 1923 provides for the application thereto of the provisions of the Private Corporations Act of 1911 and its amendments in so far as they are not in conflict therewith; and section 32 of the Act of 1911, page 102, reads as follows:

"PENDING SUITS NOT AFFECTED BY DISSOLUTION.—Any suit now pending or hereafter to be begun against any corporation which may become dissolved before final judgment, shall not lapse by reason of such dissolution; but no judgment shall be entered in any such action except upon notice to the trustees or liquidators of the corporation."

The notice required by that provision for rendering judgment in a pending suit refers to the case of a dissolution, but

not to a receivership of the corporation and therefore is not applicable to the present case in which the receiver has entered his appearance in the proceedings. The judgment may be rendered although in order to execute it the consent of the court which appointed the receiver may be required, unless it is allowed by statutory provision. 32 R.C.L. 132, sec. 140; *Painter* v. *Painter,* 138 Cal. 231, 94 A.S.R. 47, and notes.

For the foregoing reasons the order appealed from is set aside and the case remanded to the lower court for a judgment to be rendered in accordance with the prayer of the plaintiff.

Mr. Justice Wolf took no part in the decision of this case.