CARIBBEAN INSURANCE COMPANY, Petitioner, *v.* SUPERIOR COURT OF PUERTO RICO, PONCE PART, A. J. MATTA, JUDGE, Respondent; CARLOS ARMSTRONG E HIJOS SUCESORES, INC., Intervener.

No. O-67-410.    Decided April 6, 1970.

*Elmer Toro Lucchetti* and *Isaías Rodríguez Moreno* for petitioner. *Antonio Zabater Cajigas* for intervener.

MR. JUSTICE RIGAU delivered the opinion of the Court.

On October 28, 1963, the Superior Court, San Juan Part, at the request of the Commissioner of Insurance of Puerto Rico, and pursuant to the provisions of the Insurance Code concerning the rehabilitation of insurers (§ 40.010 *et seq.* of the Insurance Code; 26 L.P.R.A. § 4001 *et seq.*), issued an order appointing the Commissioner of Insurance, Receiver of the Caribbean Insurance Company, and granting upon him, in his capacity as Receiver, the powers, functions, duties, and authority which said appointment entails, all that under the authority of the aforementioned legal provisions.

On June 21, 1967 the court issued another order, through which the properties and administration of the Caribbean were returned to its owners and officers. While the Commissioner was in charge of the administration of the affairs of the Caribbean, the latter continued its operations and issued bonds and collected premiums.

On November 1, 1965, Carlos Armstrong e Hijos, Sucrs., Inc., intervener herein, filed a complaint in the Superior Court, Ponce Part, wherein, in synthesis, the following was alleged: That plaintiff is a domestic corporation engaged in the wholesale and retail trade of building materials; that plaintiff supplied and sold building materials to the contractor Bonse Construction Corporation; that the defendant, Caribbean Insurance Co., by acceptance of the proper premium, issued a bond guaranteeing, jointly with Bonse Construction Corporation, the payment of the price of the building materials supplied to the latter for certain work, the principal of said bond being higher than the sum of $6,121.14 claimed in the complaint; that Bonse Construction Corp. owes plaintiff the aforementioned amount, which is due since March 23, 1965, and which is liquid and demandable, the steps taken for the collection thereof having been fruitless.

On May 12, 1966 the court rendered judgment by default because of defendant's failure to appear and ordered the latter to pay plaintiff the sum of $6,121.14, plus legal interest since March 23, 1965, and costs.

On August 9, 1967, Armstrong e Hijos, Sucrs., Inc., filed a motion pursuant to Rule 51.4 of the Rules of Civil Procedure, requesting the court to summon the President and the Treasurer of the Caribbean Insurance Company in order to examine them. They were summoned, but did not appear. Caribbean Insurance filed two motions to set aside the judgment which, after several incidents, were denied. The judgment of the Superior Court of July 12, 1966 being final and unappealable, the Caribbean Insurance filed in this Court a petition for certiorari to review that action of the Superior Court. We must decide three contentions.

The first of these is to the effect that the Ponce Part of the Superior Court lacked jurisdiction to hear the lawsuit brought against Caribbean Insurance, since the order entered by the San Juan Part in the rehabilitation proceeding prohibited that "judicial or administrative proceedings shall, by no means, be brought against the aforementioned Receiver, except with the previous authorization of the court." The court appealed from decided this contention stating that the order in question was not valid, since it went beyond the provisions of the Insurance Code, which only prohibits that during the course of the proceedings, actions or proceedings "in the nature of an attachment, garnishment, or execution," be commenced or maintained. Section 40.130 of the Code; 26 L.P.R.A. § 4013.

■■ Because the rehabilitation proceeding is a special proceeding especially created by the statute, the jurisdiction of the court which issues the order of rehabilitation is limited by the proper terms and conditions of the statute under which said proceeding is raised. *Caminetti* v. *Imperial Mut. Life Ins. Co.*, 139 P.2d 681; *Caminetti* v. *Mutual Life Ins. Co.*, 129 P.2d 432; 2 Couch, On Insurance 2d, § 22:60. The order of the San Juan Part cannot have the scope of prohibiting judicial proceedings other than "in the nature of an attachment, garnishment, or execution." There is nothing in the Insurance

Code that authorizes the court in these proceedings to prohibit the bringing of an action for the recovery of money or to render judgment against the intervened company. It would be rare, and even contradictory, that it were as defendant claims, since the Commissioner was administering it so that the company would continue its operations and would rehabilitate itself. In order to continue its operations, said company had to be able to collect and also to make payments.

■ The purpose of the statutory prohibition is to prevent the acquisition of rights over the assets in charge of the Commissioner, but it is not to prevent the bringing of judicial proceedings which only reach the stage of a judgment rendered against the company, as it happened in the case at bar.

■ Even assuming, without it being thus decided, that the court had inherent or incidental power to prohibit all types of judicial proceedings to persons who are not parties in the rehabilitation proceeding, the order itself in the case at bar provides that the presentation of the same "duly certified . . . whenever a petition from the Receiver is attached thereto . . . may be used as an order," so that the persons or entities who receive the same cease from doing any act prohibited by said order. In the case at bar, the order is not certified, nor was it accompanied by a petition from the Receiver. In the absence of these requirements, petitioner cannot now, after the rehabilitation proceeding has been terminated, make good an order which the Commissioner himself, while he was in charge of the company and after having been duly summoned by the Ponce Part, did not set up in the lawsuit.

The reasons why the Commissioner chose not to assert the prohibition contained in the order is evident, if we take into account an amendment which the San Juan Part made to its order of rehabilitation on June 17, 1964. Said amendment states that ever since the Commissioner took charge of the

Caribbean, he has been issuing bonds in the name of the latter for the purpose of rehabilitating it; that the day before, someone, without the authority to do so, circulated a copy of the order of rehabilitation in some of the courtrooms of the Superior Court; that this led some judges to refuse bonds issued by Caribbean; that in view of this situation, the original order is amended to authorize the Commissioner to "continue issuing the contracts of suretyships in the same manner as the insurer did."

[5] The aforesaid amendment was made for the purpose of clarifying that the order was an order of rehabilitation, and that it was not an order to liquidate the insurer, Caribbean Insurance. To authorize the Commissioner to continue issuing contracts of suretyship in the same manner as the insurer did was tantamount to empowering him to continue the operation of the company as a going concern, which is something quite different from administering a company to liquidate it. A judicial order authorizing to continue the administration of a company "as a going concern" amounts to an express direction to conduct its affairs in the usual ordinary way for which it was organized, and to perform the company's contracts as an existing solvent institution. 2 Couch, On Insurance 2d, § 22:47 and authorities cited therein.

In the context of the situation of the case at bar, the power to continue the company's affairs to rehabilitate it intimated that the bonds issued could be collected in the same manner as if the same had been issued by companies which were not being intervened. The fact that the policies issued during the rehabilitation proceeding cannot be collected through the common and ordinary ways provided for the collection of other companies' bonds is contrary to the purpose of the rehabilitation proceeding and to the concept of a going concern. Otherwise, nobody would accept a bond from the company whose rehabilitation is sought and the purpose of the rehabilitation proceeding would be thwarted. Nobody

would buy policies knowing that the same could not be collected.

■ In the light of these considerations we decide that, as far as the collection of bonds issued by the defendant is concerned, a prohibition preventing judicial proceedings against said company cannot operate. Even in the field of federal bankruptcy, where the power of the court in bankruptcy to stay or enjoin proceedings in other courts has been acknowledged, the reiterated doctrine is to the effect that said power cannot be exercised when in so doing it fails to contribute to the execution of the plan outlined for the bankrupt. See 6 Collier, Bankruptcy 483 and 640, 14th ed. (1969). See, also, *In re International Reinsurance Corporation,* 48 A.2d 529, and Anno.: *"Receiver—Action Against Corporation,"* 8 A.L.R. 441.

In the case at bar, the prohibiting provision was included in the order to be enforced only in the event that the liquidation of the corporation was necessary; otherwise, it would have turned out to be incompatible with the rehabilitation proceeding. That explains why in the order it was set forth that any prohibition contained therein would be rendered effective by presenting a certified copy of said order, together with a petition from the Commissioner of Insurance.

■ The second question raised is that the notice of the judgment should have been made on a separate sheet, as it is usually done, and not by inserting the same on the last sheet of the judgment. This contention is frivolous. There is nothing to show that substantial rights have been affected (Rule 50); there is nothing in the Rules which requires that the notice of the judgment shall be made on a separate sheet. Rule 65.3 only requires that "immediately upon the entry in the record of copy of an order or judgment, the clerk shall serve notice thereof [by mail] on all parties affected. . . ." In the case at bar, upon inserting the notice at the end of the sheet of the judgment, petitioner not only received said notice, but had

the additional benefit of receiving a copy of the judgment itself.

The last question raised by petitioner is that the Superior Court failed to decide the question of whether or not it was deprived of its property without the due process of law. The court did not make any pronouncement in regard to that question, simply because petitioner did not set forth any fact to substantiate the same.

It is before this Court that petitioner tries, for the first time, to substantiate the alleged constitutional question, alleging that it was never summoned nor notified in any manner about the existence of the case. The record shows that Caribbean Insurance was duly summoned and notified of the judgment in its offices in the Plaza Building in San Juan. Its position is that the notices thus served to the company were not, as a matter of fact, served to its directors and officers, but to the agents of the Commissioner of Insurance who were at that time in charge of the administration of the company. Petitioner understands that the failure to directly summon and notify the officers and directors of the company, deprived the latter of its property without the due process of law. Petitioner requests that the case be remanded to the Superior Court, for the latter to decide the question; or otherwise, that it be allowed to elaborate its brief in order to discuss the same more extensively.[1]

As we said, this question was not duly raised in the trial court, since petitioner did not state facts to substantiate it. To remand the case would involve the setting of a new hearing in said court and, possibly, the request for another review before this Court. Petitioner knew that this Court could refuse to remand the case and it was bound to discuss properly in its brief all the grounds which would support its

---

[1] In this case a hearing was held in this Court on January 20, 1969 and the next day petitioner filed an amended brief which, in substance, does not alter the questions raised in the original brief.

position. To allow petitioner to enhance its brief now would amount to approving a dilatory practice and we shall not do that. Let us see, however, if the due process of law was not observed in failing to notify or summon the officers of the company who were substituted during the process of rehabilitation by the agents of the Commissioner.

■ In the cases where the sufficiency of the notice or summons served to a company through a receiver who is temporarily in charge of the company's affairs has been challenged, it has been held that said notice is sufficient. *Grady* v. *Richmond & D. R. Co.*, 21 S.E. 304; *State* v. *Port Royal & A. Ry. Co.*, 84 Fed. 67; *Painter* v. *Painter*, 71 Pac. 90.

In the case of Grady, just as in the case at bar, a judgment by default was entered against a company which had been summoned through an agent of a receiver who was temporarily in charge of the company. It was stated there that the service upon said agent is service upon the corporation, as fully as if made upon the president of the same. Our Rule 4.4(e) of the Rules of Civil Procedure provides that a corporation may be served by delivering a copy of the summons and of the complaint to "an officer, a managing or general agent, *or to any other agent authorized* by appointment or designated by law to receive service of process." (Italics ours.) The agents of the Commissioner were authorized agents.

In the *Port Royal* case, *supra*, the service of process upon an agent of the receiver who was temporarily in charge of the affairs of the corporation sued was challenged. The corporation alleged that said service was not service on the company. The court rejected this position deciding that when a corporation is placed in the hands of a receiver, he substitutes the persons who had governed up to that moment the affairs of the corporation, and that since the receiver was put in

charge of the affairs of the corporation, service of process may be properly made upon him or his agent.

In the *Painter* case, *supra*, a co-owner of a company which was under receivership, argued that a judgment rendered against said receiver in his capacity as administrator of said company, did not make him liable, since he had no opportunity of being heard, and he could, therefore, attack the judgment on its merits in order to save his property. It was held that the judgment made him liable, regardless of whether or not he had been made a party to the action, for the receiver represented all persons interested in the estate which he managed.

In the case at bar, under the Insurance Code as well as under the order of the court, the Commissioner was vested with all the powers of the corporation, and the regular officers of the insurer could not act in the name of the same. It would have been of no use that the officers therein had been notified. The company is not deprived of all remedy, since as a surety company it may recover from the principal, and the Commissioner shall be responsible on his official bond for the proper administration of all assets of the company. Insurance Code, § 40.080; 26 L.P.R.A. § 4008(4). It cannot be held that the company was deprived of its property without the due process of law.

The judgment rendered in this case by the Superior Court, Ponce Part, on May 12, 1966, and its Order of October 26, 1967, will be affirmed, and the writ issued shall be quashed. The costs shall be imposed upon petitioner.

Mr. Chief Justice, Mr. Justice Santana Becerra, and Mr. Justice Blanco Lugo did not participate herein.