SILVIO DURÁN VÁZQUEZ, demandante y apelante, *v.* SUCN. EMILIO B. DURÁN, compuesta de su viuda doña MONSERRATE RIVERA y de su hermana ANA INÉS DURÁN, demandadas y apeladas.

Núm. 8045.—*Sometido:* Noviembre 13, 1939. *Resuelto:* Noviembre 17, 1939.

*Felipe Colón Díaz*, abogado del apelante; *Fernando B. Fornaris*, abogado de la apelada.

El Juez Asociado Señor De Jesús emitió la opinión del tribunal.

En el caso arriba expresado se solicitaba en la demanda la nulidad del testamento ológrafo de Emilio B. Durán; que se declarase únicos y universales herederos del mismo a sus hermanos Salvio y Ana Inés Durán Vázquez; que se decretase la nulidad de la sentencia de la Corte de Distrito de Ponce ordenando la protocolización de dicho testamento; que por la demandada se devolviese al demandante la suma de $1,200 recibida por ella procedente de cierta indemnización concedida al testador con motivo de los perjuicios que sufriera al ser hundido el vapor Carolina, y finalmente que se condenase a la demandada Monserrate Rivera Vda. de Durán al pago de las costas, gastos y honorarios de abogado.

Se alegaba por el demandante Salvio Durán, hermano del testador, que el testamento había sido falsificado y se impugnaba la firma del supuesto testador así como la escritura del cuerpo del testamento. Fué el caso a juicio y la Corte de Distrito de Ponce desestimó la demanda, con costas al demandante, por estimar que el testamento era auténtico y que si

bien la fecha aparecía borrada y escrito sobre lo borrado, esa borradura se verificó después de haber protocolado el testamento por orden de dicha corte de distrito.

Apeló el demandante ante este Tribunal y la sentencia fué confirmada en todas sus partes. *Durán* v. *Sucn. Durán,* 53 D.P.R. 750.

Oportunamente presentaron los demandados su memorándum de costas en la corte de distrito y luego de celebrarse una vista y oír la evidencia que ambas partes adujeron, dictó la corte una resolución que en lo pertinente dice así:

"La Corte, resolviendo ahora dicho memorándum de costas, desembolsos y honorarios de abogado, lo hace en la siguiente forma:

| | |
|---|---:|
| "Honorarios del secretario | $11.00 |
| "Toma de deposición del testigo Pedro Albizu Campos | 5.00 |
| "Gastos de viaje de San Juan a Ponce del testigo R. Díaz Cintrón | 10.00 |
| "Honorarios del perito Isaac Jackson | 100.00 |
| "Honorarios de abogado | 800.00 |
| Total | $926.00." |

No estando conforme el demandante con las dos últimas partidas de la resolución aprobatoria del memorándum de costas, o sea la concedida por concepto de honorarios del perito calígrafo Sr. Jackson y la de honorarios de abogado, interpuso recurso de apelación para ante este tribunal.

La parte apelada presentó una moción solicitando la desestimación del recurso en la equivocada creencia de que el apelante no había perfeccionado la apelación a pesar de haber expirado con exceso el término legal y no haber solicitado prórroga para ello.

Convencida luego la parte apelada de que el apelante había solicitado y obtenido prórroga para presentar su alegato, único requisito que le faltaba cumplir para perfeccionar el recurso, el 27 de octubre último radicó una segunda moción de desestimación que fué debidamente notificada al apelante, interesando que se desestime la apelación por frívola. El

apelante radicó el 11 del actual un escrito que tituló "Oposición a las mociones de desestimación de fecha 24 de julio y 27 de octubre radicadas por la demandada apelada", y en la misma fecha presentó su alegato en apoyo de dicha moción.

Celebrada la vista de ambas mociones el 13 del actual con la sola asistencia e informe del abogado de la apelada, quedó el caso sometido a nuestra consideración.

■■ De la evidencia presentada en la vista del memorándum de costas resulta que el perito Jackson, antes de la fecha señalada para el juicio, estuvo día y medio en la Corte de Distrito de Ponce estudiando y cotejando la firma y escritura del testamento con otras firmas y escritos del testador aceptados como auténticos. Tuvo que ir a Juana Díaz con el abogado de la apelada a examinar otros documentos escritos por el testador, y asistió al juicio, que se extendió durante tres días, aunque no consecutivos.

El abogado del apelante sostiene que los honorarios de este perito deben fijarse en $6, que es lo que El Pueblo de Puerto Rico paga a los peritos médicos que comparecen a declarar por el Gobierno en casos criminales. Arguye además que el perito Sr. Timothée, que compareció y declaró por la parte demandante, sólo cobró $25 por sus servicios.

El hecho de que El Pueblo de Puerto Rico sólo pague $6 a los peritos médicos llamados por el Gobierno en los casos criminales, no puede tomarse como base para fijar los honorarios de peritos que comparecen ante los tribunales en pleitos entre particulares. Es obligación de todo ciudadano cooperar con el Gobierno en la buena administración de justicia y lo mismo que fijó el Gobierno la compensación de tales peritos médicos en $6, pudo haber dispuesto por legislación al efecto que sus servicios, al comparecer a declarar como peritos en tales casos, fuesen gratuitos. Véase 4 *Wigmore on Evidence,* pág. 683.

El hecho de que el Sr. Timothée sólo cobrase $25 por sus servicios como perito calígrafo, tampoco obliga al testigo Jackson. No aparecen del récord las razones que tuviera

el Sr. Timothée para cobrar $25; pero de todos modos, el cobrar por sus servicios es un derecho que él tiene y al cual puede renunciar en todo o en parte, sin que esa renuncia afecte o pueda afectar el derecho de otros peritos a cobrar el valor razonable de sus servicios.

■ Considerada la labor realizada por el perito Jackson conforme aparece de la prueba y habida cuenta de la importancia del caso en que declaró, no podemos resolver que el juez inferior abusara de su discreción al aprobar dicha partida por la cantidad en que lo hizo.

■ La partida aprobada por honorarios de abogado, o sea $800, tampoco es excesiva, a nuestro juicio, si se tiene en cuenta la naturaleza del pleito, la cuantía envuelta y el hecho adicional de que debió existir cierto grado de temeridad por parte del demandante en la prosecución de este pleito desde el momento en que la corte sentenciadora lo condenó en costas sin excluir honorarios de abogado, cuando de acuerdo con la ley entonces vigente tal pronunciamiento descansaba en la sana discreción del tribunal sentenciador, habida cuenta del grado de culpa o temeridad de la parte vencida en el juicio.

*Lo expuesto nos lleva a la conclusión de que, el recurso en este caso interpuesto por el demandante apelante es a todas luces frívolo, y siendo ello así, procede desestimarlo.*