STATE v. PORT ROYAL & A. RY. CO. et al. KING et al v. SAME. OGDEN v. SAME. Ex parte BATES.

(Circuit Court, D. South Carolina. January 1, 1898.)

1. RAILROAD RECEIVERSHIPS—ACTIONS FOR DAMAGES—SERVICE OF PROCESS.
   The owner of an animal killed by a train while the road was in a receiver's hands sued the railroad company without joining the receiver as a defendant, but process was served only upon the receiver through an agent. The receiver's claim agent appeared and defended the suit, which resulted in a judgment against the company. *Held*, that the judgment was valid, so as to bind the property in the receiver's hands.

2. SAME—PRIORITY OF LIENS.
   A judgment against a railroad company for injuries to personal property, when rendered in a suit brought within 12 months from the time the cause of action arose, is a prior lien to that of a railroad mortgage.

3. SAME.
   A receivership is not personal, but continuous, so that claims arising against different receivers, one of whom succeeds the other, stand on the same footing.

This was an intervening petition filed by J. B. Bates in the receivership proceedings against the Port Royal & Augusta Railway Company and others, whereby he sought to enforce an alleged lien against the railroad property for the amount of a judgment obtained by him against the railroad company for the killing of an animal by one of its trains.

B. A. Hagood, for petitioner.
S. J. Simpson, for respondents.

SIMONTON, Circuit Judge. This is an intervention by J. B. Bates, claiming payment of a certain judgment obtained by him against the

:Port Royal & Augusta Railway Company.   Bates was the owner of a Jersey bull, which he alleged was killed on the line of that road, by the train of the road, on November 30, 1892.   He put his claim in :suit before a trial justice of Barnwell county, making the railroad company defendant, and obtained a judgment, which was entered October 26, 1893, for $90 and costs.   The defense rests upon the fact that at the date of the accident and at the time of the suit the road and its property were in the hands of Comer, receiver; that as a consequence of this the service of process upon an agent of the receiver was not service on the company,—in fact, no service at all,—and that the judgment binds neither the company, which was named as a party, nor the receiver, Comer, who was not sued; and that in no event can the petitioner claim for any demand against Comer, receiver, because the true construction of the order of this court renders the purchaser at foreclosure sale liable only for claims against Averill, receiver.   The case was defended before the trial justice by a Mr. Connor, claim agent in the employment of the receiver, was continued at his instance, and on the day to which it was continued judgment was given after trial.

When an insolvent corporation is put into the hands of a receiver, this only effects a change in the management of the property.   The receiver is substituted for those who theretofore had governed the corporation, but the title is not changed.   Union Bank of Chicago v. Kansas City Bank, 136 U. S. 223, 10 Sup. Ct. 1013.   Nor is the existence of the corporation destroyed.   Bank of Bethel v. Pahquipe Bank, 14 Wall. 398.   So the suit will lie against the corporation.   But, inasmuch as the receiver was put in charge of and administered all the affairs of the corporation, service of process was properly made upon him through his agent.   Davis v. Gray, 16 Wall., at page 217.

The agent of the receiver appeared in the case, and defended.   The trial was had and judgment rendered.   This judgment, having been entered on an action for injury to personal property brought within 12 months from the date of the cause of action, has a lien prior to the mortgage, even if it is not a claim against the receivership.

It is contended, however, that the claim is not against Receiver Averill, but against Comer, receiver.   But a receivership is not personal; it is continuous.   The individuals holding it represent a condition of things created by the court.   As is said in McNulta v. Lochridge, 141 U. S. 331, 12 Sup. Ct. 11: "The receivership is continuous. It is analogous to a corporation sole.   The action is not against the receiver as a person, but against the receivership.   So, a receiver may be sued for the act of his predecessor, without leave of the court." So, in whatever aspect we may view this case, either as a suit against the corporation or as against the receivership, this judgment has a paramount claim.   Indeed, it has been held by a court of high persuasive authority that a judgment rendered against a receiver in a state court in an action at law is conclusive as to the existence and the amount of the plaintiff's claim, but the time and manner of its payment are to be controlled by the court appointing the receiver. Dillingham v. Hawk, 9 C. C. A. 101, 60 Fed. 494.

Let the petitioner have a decree for the amount of his judgment and interest, with costs.