Juan Benabe, promovente, *v.* La Corte de Distrito de Humacao, Hon. Rafael Arjona, Juez, demandada.

No. 53.—*Sometido:* Mayo 25, 1931. *Resuelto:* Noviembre 30, 1931.

*P. Pérez Pimentel,* abogado del promovente; *Campos del Toro y Romero,* abogados de la demandante en el pleito principal.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Juan Benabe presentó en esta Corte Suprema una solicitud para que se expidiera un auto inhibitorio dirigido al Juez de Distrito de Humacao, a la parte demandante y al márshal de la corte, prohibiéndoles continuar el procedimiento de venta judicial que se seguía contra el fiador peticionario en el caso de *José Malgor y Co.* v. *Diego Zalduondo,* sobre cobro de pagaré. El auto fué expedido, oyéndose a las partes extensamente.

Los hechos envueltos, en resumen, son así: José Malgor y Co. demandó a Diego Zalduondo en cobro de tres mil dólares, intereses y costas, en julio de 1929. Solicitó y obtuvo el aseguramiento de la sentencia que pudiera dictarse mediante embargo primero de varios bienes inmuebles del deudor y luego de dinero perteneciente al mismo depositado en el Banco de Nova Scotia. Así las cosas, el demandado presentó una fianza suscrita por él y por el peticionario Juan Benabe a fin de levantar como se levantó el embargo. La fianza, en lo pertinente, dice:

POR TANTO, nosotros, Juan R. Zalduondo Veve y o Juan Benabe, nos comprometemos solidaria y mancomunadamente para que la demandante José Malgor & Co., en la suma de $3,700, que es el importe de lo reclamado en la acción ejercitada, constituyéndose esta fianza para levantar el embargo trabado sobre los bienes del demandado, respondiendo como tales fiadores mancomunada y solidariamente de las responsabilidades a que pudieran ser sometidos por la sentencia que se dicte en definitiva en el presente caso, de tal manera que si se dictase sentencia en definitiva declarándose con lugar la demanda, responderemos de cualquiera suma a que fuere condenado el deman-

dado, careciendo de todo valor si dicho demandado fuere absuelto de dicha demanda.''

En diciembre de 1930 se dictó sentencia en el pleito en contra del demandado concediendo lo pedido en la demanda. El demandado apeló y su apelación fué desestimada por frívola en febrero de 1931. Firme la sentencia, la demandante alegando tener conocimiento de la situación material difícil del demandado y de que todos sus bienes estaban fuertemente gravados, solicitó que se decretara el embargo de bienes del fiador Benabe suficientes a cubrir el importe de la sentencia. Sin oír a Benabe se decretó el embargo que se practicó en bienes consistentes en fincas rústicas y varias cabezas de ganado. Al propio tiempo solicitó la demandante en general la ejecución de la sentencia, que también fué decretada.

Días después la demandante presentó una moción sobre citación de fiadores y confiscación de fianza que la Corte, el 4 de marzo, 1931, resolvió de conformidad, fijando la audiencia del 12 del propio mes para oír a los fiadores. El 7 de dicho mes, la corte, por propio acuerdo, transfirió la comparecencia del 12 para el 16, ordenando que los fiadores fuesen notificados. Al pie de la orden hay una nota que dice:

''Notificados Enrique Campos del Toro, San Juan, P. R., Arturo Aponte, Humacao, P. R., Juan Benabe y Juan R. Zalduondo Veve, ambos de Fajardo, P. R., con copias de la anterior orden, hoy 7 de marzo de 1931. Certifico. (fdo.) Luis A. Cuevas, Sec. Auxiliar.''

El 16 de marzo sólo comparecieron los demandantes y la corte dictó sentencia declarando confiscada la fianza, y decretando que se expidiera orden de ejecución contra los fiadores para satisfacer la sentencia.

Se expidió el mandamiento y el márshal lo devolvió con el siguiente certificado:

''Que procedí a cumplimentar lo dispuesto en el mandamiento de ejecución de sentencia que consta al dorso conforme a las instrucciones recibidas por el abogado de la demandante y apareciendo que todos los bienes del demandado Diego Zalduondo, según el Registro

de la Propiedad de Humacao, están afectos a varias hipotecas y embargos y que el márshal que suscribe ha requerido y solicitado personalmente del deudor demandado que le señale bienes con el producto de los cuales pueda pagarse al demandante el importe de la sentencia que se cobra en este caso, y que dicho demandado no se negó a señalar bienes, pero los bienes que señaló estaban afectos a embargos por lo cual devuelvo este mandamiento sin cumplimentar con el presente diligenciamiento.''

Expidióse otro mandamiento y el márshal lo devolvió diligenciado en bienes del fiador Benabe como se ha indicado.

No hay duda alguna con respecto a que el fiador Benabe fué citado para que compareciera el 12 de marzo. La citación la hizo el márshal a Benabe en la residencia de éste, en Mata de Plátanos de Luquillo. Con respecto a la citación de Benabe para que compareciera el 16, existe la nota del Secretario que dejamos transcrita. Impugnándola figura en los autos un sobre dirigido a Juan Benabe, Fajardo, P. R., que fué devuelto por el correo sin entregar por no conocerse a la persona a quien iba dirigido.

El peticionario sostiene que la corte de distrito actuó sin jurisdicción al decretar el embargo de bienes del fiador sin oírlo; al aceptar como válido el diligenciado del márshal que, decidiendo por sí mismo como si fuera un juez, resolvió devolver el mandamiento sin cumplimentar en cuanto al deudor Zalduondo, y al dictar sentencia el 16 de marzo declarando confiscada la fianza.

Para resolver debidamente este caso hay que tener muy en cuenta las circunstancias que concurren en el mismo. Los demandantes establecieron una reclamación y de acuerdo con la ley obtuvieron como medida previa el aseguramiento de la sentencia mediante embargo de bienes del deudor, llegándose a practicar dicho embargo en dinero perteneciente al deudor. En esas condiciones la sentencia que a su favor obtuvieron luego los demandantes hubiera podido ejecutarse sin dificultad ni dilación. Fué a virtud de gestiones del deudor que la garantía ya obtenida por los de-

mandantes quedó sustituída por la fianza que se avino a prestar el peticionario. Quizá éste no se dió cuenta del alcance de la obligación que contraía. Quizá como en tantos casos sucede sea una víctima de una ayuda prestada sin beneficio alguno. Pero los términos del documento son claros, la obligación contraída es precisa, y se dió tal crédito a la fianza que el dinero embargado quedó libre y de él dispuso el deudor.

Para el trámite previo del embargo de bienes del fiador en un caso como éste, no se cita procedimiento especial alguno. Parece que la parte interesada gestionó siguiendo la pauta marcada por la ley sobre aseguramiento de sentencias en general. Se dijo: si al establecer una demanda puedo pedir el aseguramiento de la sentencia con o sin fianza, según los casos, obteniendo el embargo de bienes del deudor sin que sea necesario notificar a éste, ¿por qué no he de poder obtener tal medida, en la misma forma, contra el fiador, único que, dadas las condiciones materiales del deudor, considero responsable? Expuesto así el caso ante la corte, no vemos que ésta estuviera desprovista en absoluto de autoridad para decretar el embargo.

Las otras cuestiones suscitadas envuelven la interpretación de la sección 16 de la Ley sobre efectividad de sentencias, tal como fué enmendada por la Ley No. 27 de 1916, Leyes de 1916, p. 80, que dice:

"Una vez firme la sentencia pronunciada a favor del litigante que hubiere obtenido un mandamiento de embargo para asegurar la efectividad de dicha sentencia, si el expresado mandamiento de embargo se hubiese suspendido o dejado sin efecto a virtud de fianza o consignación, se dispondrá la confiscación de la fianza a favor de dicho litigante, y se expedirá orden de ejecución contra la parte condenada por la sentencia. Si la orden de ejecución fuere devuelta sin cumplimentar en todo o en parte, se expedirá nueva orden de ejecución contra los fiadores por el remanente que no haya sido satisfecho, siguiéndose contra los fiadores el procedimiento establecido en los Artículos 307 a 312, ambos inclusive, del Código de Enjuiciamiento Civil."

La sentencia de que aquí se trata era firme. Se dictó a favor del litigante que había obtenido el embargo que se dejó sin efecto a virtud de la fianza prestada por el propio deudor y el peticionario. Tal como está redactada la ley, la confiscación pudo decretarse inmediatamente, como una consecuencia de los anteriores hechos. Lo que no podía hacerse era librarse orden de ejecución contra el fiador inmediatamente. La orden debió librarse como se libró contra el deudor en primer término.

Si el mandamiento contra el deudor se devolvía sin cumplimentar en todo o en parte, entonces era que procedía la orden de ejecución contra el fiador, siguiéndose el trámite marcado en el Código de Enjuiciamiento Civil, artículos 307 a 312.

*Prima facie* parece suficiente lo hecho constar por el márshal como base para devolver sin cumplimentar el mandamiento expedido contra el deudor. Si los bienes de éste estaban ya gravados en forma tal que su venta no proporcionaría lo necesario para satisfacer la sentencia, ello equivalía a la no existencia de bienes. Al actuar en la forma en que lo hizo, el márshal no actuó como un juez sino a la luz de su razón, sujeto su criterio, desde luego, a la impugnación de la parte perjudicada y a la revisión de la Corte. Para que pueda defenderse debidamente es que ordena la ley que el fiador sea citado. Artículo 307 del Código de Enjuiciamiento Civil.

Hasta aquí no encontramos base suficiente para sostener que la corte actuó sin jurisdicción. La corte pudo, a nuestro juicio, con lo que tenía ante sí ordenar la citación de los fiadores para que demostraran por qué no estaban obligados por la sentencia de igual modo que si hubieran sido citados desde un principio en el pleito y hubieran tenido, por tanto, la oportunidad de defenderse en el mismo.

Así lo hizo la corte pero sin ajustarse por completo a las exigencias de la ley. Ordenó la citación el 4 de marzo para

el 12, o sea para dentro de ocho días, cuando el artículo 308 del Código de Enjuiciamiento Civil en relación con el 89 del propio Código, fija para la comparecencia el término mínimo de diez días.

La corte se dió cuenta de ello y subsanó su error fijando la comparecencia para el 16, pero ello requería una nueva citación y ésta no se hizo de acuerdo con la ley como de modo evidente ponen de manifiesto los autos originales del caso que fueron reclamados a virtud del auto inhibitorio expedido. La propia nota del secretario puesta al pie de la orden de la corte consigna que Benabe es de Fajardo cuando según el diligenciado de la primera citación ilegal consta que reside en Luquillo. Por eso el sobre que se le dirigiera a Fajardo fué devuelto por el correo. Además el correo no era el medio apropiado para hacer la citación. Esta debe revestir todas las formalidades de un emplazamiento. De otro modo no quedan las personas citadas sometidas a la jurisdicción de la corte.

Resulta, pues, claro que no se dió al fiador la oportunidad a que tenía derecho y en tal virtud que no pudo decretarse la ejecución de sus bienes en pública subasta para satisfacer la sentencia, *debiendo anularse todo lo actuado desde y a partir de la orden de 4 de marzo de 1931, y devolverse el caso a la corte de distrito de su origen para que continúe conociendo del mismo de acuerdo con la ley.*