BALBINA BALBAÑO VDA. DE CASO y JOSÉ B. CASO, fiadores apelantes, *v.* FRANCISCO P. CINTRÓN, demandante y apelado.

Núm. 7803.—*Sometido:* Julio 26, 1938. *Resuelto:* Noviembre 9, 1938.

R. *Rivera Zayas* y J. *Velilla,* abogados de los apelantes; *Harry M. Besosa,* abogado del apelado.

El Juez Asociado Señor De Jesús emitió la opinión del tribunal.

En pleito seguido en la Corte de Distrito de San Juan por Francisco P. Cintrón contra Insular Industrial & Agricultural Exposition y Association, Inc., en cobro de dinero, los ahora apelantes Balbina Balbaño viuda de Caso y Dr. José B. Caso prestaron fianza por la suma de $2,708.46 para levantar el embargo que en aseguramiento de sentencia se trabó sobre bienes de la demandada.

Dictada sentencia firme a favor del demandante, se expidió orden de ejecución contra la demandada, la que fué devuelta sin cumplimentar por el márshal, expresando en su diligenciamiento que la demandada carecía de bienes dentro del distrito judicial de San Juan sobre los cuales hacer efectiva la sentencia.

Se dictó entonces una orden de citación a los fiadores para que mostrasen causa por la cual no debían quedar obligados por la sentencia. Comparecieron éstos oponiéndose a las pretensiones del demandante por los siguientes motivos:

(*a*) Porque la orden disponiendo el embargo de bienes de la demandada y el mandamiento que se expidió al efecto son nulos *ab initio* por haber sido dictada la primera por un pretendido funcionario que carecía de autoridad y jurisdicción para dictarla, y porque dicho funcionario carecía de jurisdicción para aprobar como aprobó la fianza prestada por los fiadores apelantes para el levantamiento del embargo.

(*b*) Porque la citación para mostrar causa no se ajusta a las disposiciones del artículo 307 y siguientes del Código de Enjuiciamiento Civil, por no hacerse en la misma una adecuada relación de la sentencia dictada.

(*c*) Porque no se han cumplido las disposiciones de la ley para asegurar la efectividad de sentencias, aprobada en primero de marzo de 1902 según quedó enmendada por la Ley núm. 27 de 1916.

(*d*) Porque al dictarse sentencia por la Corte de Distrito y confirmarse la misma por el Tribunal Supremo, a moción del demandante se expidió mandamiento de ejecución contra la demandada y el 21 de febrero de 1938 lo devolvió el márshal de la Corte de Distrito, con diligencia negativa certificando que la demandada carecía de bienes dentro del distrito judicial de San Juan, y con posterioridad a dicha orden de ejecución la Corte de Distrito enmendó en dos ocasiones la sentencia dictada, habiéndose verificado la última enmienda el día 13 de junio, sin que en ninguna ocasión posterior a dicha fecha se haya pretendido ejecutar la sentencia así enmendada en bienes de la demandada; y

(*e*) Porque la sentencia en este caso fué enmendada el 13 de junio de 1938 y no era firme en la fecha en que se expidió la orden de citación a los fiadores para que mostrasen causa por la cual no debieran quedar obligados por la sentencia.

La corte oyó a las partes, presentándose por los apelantes prueba tendiente a demostrar que el Hon. Manuel Rodríguez Serra, que fué el juez que dictó la orden de embargo antedicha y aprobó la fianza para su levantamiento, fué nombrado por el Gobernador de Puerto Rico para actuar como juez de la Corte de Distrito de San Juan durante su período de vacaciones y en sustitución de los jueces propietarios que a la sazón disfrutaban de sus vacaciones.

Considerada la prueba, la corte, con fecha 27 de junio último, dictó la siguiente sentencia:

"Por los fundamentos de su opinión unida a los autos de este caso, la corte dicta sentencia decretando la confiscación de la fianza prestada en este caso por los fiadores doña Balbina Balbaño Vda. de Caso y Dr. José B. Caso a favor del demandante Francisco P. Cintrón y ordena se expida una orden de ejecución contra dichos fiadores por la cantidad de $1,825.98 más los intereses legales sobre esa suma a razón del 6% anual desde diciembre 26, 1935, hasta su completo pago."

Fué contra esa sentencia que los fiadores interpusieron este recurso, cuya desestimación solicita el demandante por motivo de frivolidad.

En la opinión que sirvió de base a la sentencia de la corte inferior antes transcrita, se consideran las causas de oposición que alegaron los fiadores para no quedar obligados por la sentencia en cuestión.

 (a) De la contestación que radicaron en esta corte los apelantes. oponiéndose a la moción de desestimación radicada por el demandante aparece claramente que el Hon.. Manuel Rodríguez Serra fué nombrado por el Gobernador de Puerto Rico para actuar como juez durante las vacaciones de la Corte de Distrito de San Juan en el año 1934, no resultando por tanto que dicho juez hubiese sido nombrado para sustituir alguno de los jueces propietarios para conocer de algún caso en que éste, por alguna razón, se hubiese inhibido, no siendo, por consiguiente, aplicable la jurisprudencia .establecida por la Corte de Circuito de Apelaciones para el Primer Circuito en el caso de *Annoni* v. *Blas Nadal's Heirs,* 94 F. (2d) 513, como muy bien sostiene el juez de la corte inferior en su opinión. Su nombramiento fué legalmente hecho y sus actuaciones son válidas.

 (b) Convenimos con el juez de la corte inferior en que el motivo de oposición marcado anteriormente bajo la letra *b,* alegado por los apelantes, es completamente frívolo, pues en la citación para mostrar causa y en su primer por cuanto explícitamente aparece el montante de la sentencia dictada contra la Insular Industrial & Agricultural Exposition Association, o sea $1,825.98 más intereses legales desde el 26 de diciembre de 1935.

 (c) También carece de mérito la oposición de los apelantes establecida bajo la letra *c* de que antes se ha hecho referencia, al efecto de que la corte inferior no cumplió con las disposiciones de la ley para asegurar la efectividad de sentencias según fué enmendada por la ley número 27 de 1916 (pág. 79). No se especifica en qué consiste el incumplimiento de las disposiciones de dicha ley por parte de la corte, pero de la opinión de la corte inferior aparece que en el acto de la vista los apelantes alegaron que no se había

confiscado la fianza prestada por los fiadores antes de dictarse la orden de citación conforme dispone la sección 16 de la ley sobre aseguramiento de sentencias, según fué enmendada por la ley de 1916 antes citada. Sobre este particular bastaría citar lo que este tribunal expresó en el caso de *Arbona* v. *H. C. Christianson & Co.*, 26 D.P.R. 284, 293, que dice así:

"Que la confiscación de la fianza se hizo . . . . . lo demuestra claramente la sentencia dictada contra los fiadores en 23 de junio de 1917 obligándolos a pagar el montante de la fianza después de haberse expedido sin éxito favorable orden de ejecución contra la parte condenada por la sentencia. La ley fué cumplida sustancialmente y no importa que por modo expreso no se decretara la confiscación de la fianza que prácticamente fué confiscada."

En el presente caso, y a mayor abundamiento, el juez de la corte inferior al dictar su sentencia subsanando la omisión antes aludida empieza por decretar la confiscación de la fianza. Por consiguiente, no existe el motivo de oposición alegado por los apelantes.

(*d*) De los autos aparece que la sentencia, después de dictada, fué enmendada en cuanto a ciertos errores clericales y que posteriormente y luego de dictada la primera orden de citación contra los fiadores, y antes de expedirse la segunda que motivó la sentencia apelada, la parte demandante renunció a la cantidad de $200, que era parte de la sentencia dictada a su favor contra la demandada. Entendemos que siendo en beneficio de los fiadores y de la propia demandada la enmienda que se hizo en la sentencia al renunciar la demandante a la cantidad de $200, dicha enmienda no afectó en manera alguna el derecho de ejecución que pudiera tener el demandante a virtud del tiempo transcurrido desde que se notificó la sentencia original, sin que fuera necesario citar de nuevo a los fiadores para mostración de causa.

(*e*) Como dijimos al considerar el motivo de oposición *d* de los apelantes, la enmienda que se verificó en la sentencia no le quitaba el carácter de firme, y por consiguiente, al ex-

pedirse la orden de citación contra los fiadores, se hizo oportunamente.

Considerados los cinco motivos alegados por los apelantes, preciso es llegar a la conclusión de que carecen de fundamento legal alguno, y por consiguiente *el recurso interpuesto por los fiadores es completamente frívolo y procede desestimarlo por ese fundamento.*

El Juez Presidente Señor Del Toro no intervino.