Salvio Durán Vázquez, demandante, *v.* Sucn. de Emilio B. Durán, compuesta de su Viuda Monserrate Rivera y de su hermana Ana Inés Durán, demandadas y apeladas; Juan José Gerardino y Joaquín Ortiz, fiadores y apelantes.

Núm. 8152.—*Sometido:* Febrero 6, 1941. *Resuelto:* Febrero 14, 1941.

*Felipe Colón Díaz,* abogado de los apelantes; *Fernando B. Fornaris,* abogado de las apeladas.

El Juez Asociado Señor Travieso emitió la opinión del tribunal.

Salvio Durán demandó a la Sucesión de Emilio B. Durán, solicitando la nulidad del testamento del causante. Pidieron los demandados que se ordenase al demandante, por no residir éste en Puerto Rico, que prestara una fianza para garantizar a los demandados el pago de las costas; y habiéndolo ordenado así la corte, prestaron fianza por $1,000 Juan José Gerardino y Joaquín Ortiz. La sentencia de la Corte de Distrito de Ponce, desestimando la demanda e imponiendo las costas al demandante, fué confirmada por esta Corte Suprema en julio 30 de 1938 (53 D.P.R. 750).

En diciembre 14, 1938, la corte inferior aprobó el memorándum de costas y condenó al demandante Salvio Durán al pago de $926 por concepto de costas y honorarios de abogado. La apelación interpuesta por Durán fué desestimada por esta Corte en noviembre 17 de 1939, por ser frívola (55 D.P.R. 633).

. En diciembre 5 de 1939, la sucesión demandada radicó ante la corte inferior una moción para que se requiriese a los fiadores para que dentro de los cinco días siguientes al de la notificación de la orden depositasen en la secretaría de la corte la suma de $926, más intereses desde diciembre 14, 1939, ascendentes a $54, o sea un total de $980. Dictada la orden de acuerdo con la súplica de la moción, los fiadores fueron notificados por el márshal el 11 de diciembre de 1939.

En diciembre 15 de 1939, comparecieron ante la corte inferior ambos fiadores, y en oposición al requerimiento que les fué hecho alegaron que la orden a virtud de la cual se les requirió para que consignasen el importe de las costas por ellos garantizadas es nula e inexistente: (a) porque los fiadores no fueron parte en el pleito en que se dictó la sentencia contra Durán; (b) porque la moción radicada por la sucesión demandada no está jurada, tal como lo determina el artículo 309 del Código de Enjuiciamiento Civil (1933); (c) porque la citación hecha por el márshal a los fiadores no ha sido acompañada de la declaración escrita y jurada que exige el citado artículo 309. En enero 25, 1940, la corte inferior desestimó la oposición de los fiadores y declaró con lugar la moción de la sucesión demandada. El 30 del mismo mes, solicitaron los fiadores la reconsideración de la resolución de enero 25, 1940, por los siguientes fundamentos: (a) que la moción que sirvió de base a la orden de requerimiento a los fiadores no estaba debidamente jurada; (b) que no se sirvió copia de dicha moción a los fiadores; (c) que la fianza prestada en este caso tiene el carácter de solidaria, y tratándose de fiadores solidarios, éstos deben ser notificados de acuerdo con lo dispuesto por los artículos 307 y siguientes del Código de

Enjuiciamiento Civil; y (*d*) que los fiadores fueron condenados a pagar, sin ser oídos y sin haberse observado el debido procedimiento de ley dispuesto por la Constitución federal, la Carta Orgánica y las leyes de Puerto Rico.

Denegada la reconsideración, los fiadores apelaron. En su alegato sostienen que la corte inferior erró al declarar sin lugar la oposición formulada por los fiadores; al condenar a éstos sin haber sido partes en el pleito principal y sin haberles oído antes de dictar la resolución apelada; y al dictar la orden de requerimiento a los fiadores, para que solidaria y mancomunadamente consignaran el importe de las costas.

█ La obligación contraída por los fiadores apelantes, tal cual aparece consignada en el documento de fianza, es la siguiente:

"Por tanto, nosotros, Juan José Gerardino y Joaquín Ortiz, residentes en el distrito judicial de Ponce, P. R., y de acuerdo con la resolución arriba transcrita, libre y espontáneamente garantizamos mancomunada y solidariamente la obligación que por la presente fianza ha contraído el demandante Salvio Durán Vázquez, en este pleito, respondiendo de la suma de un mil *dollars,* o de la parte de la misma que fuere necesaria, para atender al pago de las costas, gastos y desembolsos, incluyendo honorarios de abogado a que pudiera ser condenado el demandante en la sentencia que se pueda dictar en el curso de este pleito."

Los artículos 307, 308 y 309 del Código de Enjuiciamiento Civil, en los cuales se basa la argumentación de los apelantes, leen como sigue:

"Artículo 307.—Cuando se obtiene una sentencia contra uno o más entre varios. deudores solidariamente responsables de una obligación, mediante el procedimiento prescrito en el artículo 96, los cuales no habiendo sido citados oportunamente no se personaron en el pleito, podrán ser citados para que demuestren por qué causa no han de estar obligados por la sentencia de igual modo que si hubieren sido citados desde un principio.

"Artículo 308.—La citación, conforme a lo dispuesto en el anterior artículo, deberá relacionar la* sentencia, y requerir a la persona citada para que demuestre la causa por qué no ha de estar obligada por dicha sentencia, debiendo diligenciarse la citación del mismo

modo y devolverse diligenciada dentro de igual término, que la primera. No será necesario entablar nueva demanda.

"Artículo 309.—La citación deberá acompañarse de una declaración escrita y jurada del demandante, su agente, representante o abogado, manifestando que la sentencia o parte de ella, permanece incumplimentada y expresando además la cantidad que a cuenta de la misma se debiere."

Como se ve por su simple lectura, dichos artículos prescriben el procedimiento que deberá seguirse en una acción entablada contra dos o más demandados responsables solidaria o mancomunadamente de una obligación contractual, cuando no se hubiere citado a todos los demandados, para citar a los demandados que no lo fueron originalmente y no comparecieron voluntariamente, requiriéndoles para que expongan las razones que puedan tener para que no se les obligue a hacer efectiva la sentencia.

Los citados artículos no son a nuestro juicio aplicables a un caso como el de autos. Los fiadores apelantes no eran ni mancomunada ni solidariamente responsables de una obligación contractual en la acción sobre nulidad de testamento iniciada por el demandante contra la Sucesión Durán. No formaban parte de la sucesión demandada y no hubieran podido ser demandados y emplazados al iniciarse la acción. Dichos apelantes comparecieron en la acción voluntariamente, como fiadores de la parte demandante, haciéndose responsables con ésta, *mancomunada y solidariamente* del pago de las costas que pudieran ser impuestas a dicha parte.

De acuerdo con la jurisprudencia que hemos examinado, en algunas jurisdicciones se ha sostenido que al obligarse a pagar las costas el fiador se convierte en parte litigante y queda tan efectivamente obligado por la sentencia como si fuera una de las partes en la acción. En otras jurisdicciones, por disposición estatutaria o por regla de las cortes, se libra auto de ejecución contra el fiador tan pronto como se ha dictado sentencia sin necesidad de otro aviso. Véase: 20 C. J. Sec. 181, pág. 413.

Aun cuando a nuestro juicio el procedimiento más correcto es el de expedir una orden requiriendo a los fiadores para que hagan efectivo el importe de las costas o que comparezcan a mostrar causas o razones, si alguna tuvieren, para que no se les obligue a hacer efectivo el importe de las costas por ellos garantizadas, el procedimiento seguido en el caso de autos se ajusta sustancialmente a los requisitos de un debido procedimiento de ley. Los apelantes, como fiadores, tuvieron una oportunidad de intervenir y no intervinieron en la corte inferior en el procedimiento seguido para fijar el importe de las costas y honorarios que habría de pagar el demandante por ellos fiado. Tuvieron oportunidad para intervenir —y no lo hicieron—en el recurso interpuesto por el demandante contra la resolución aprobatoria del memorándum de costas. Confirmada dicha resolución por esta Corte Suprema, la corte inferior ordenó que los fiadores apelantes fuesen requeridos—no condenados como ellos alegan—para que consignasen en secretaría el importe de las costas, dentro del término de cinco días desde el de la notificación. Comparecieron los fiadores dentro del término señalado por la corte, no para hacer el pago de las costas ni para exponer las razones o motivos por los cuales no debería condenárseles a cumplir la obligación de la fianza, y sí para presentar objeciones frívolas y dilatorias con el evidente propósito de dilatar y obstaculizar a los demandados en el cobro de costas y honorarios aprobados por este tribunal. Tuvieron los fiadores su día en corte y amplia oportunidad para haber presentado cualquier defensa legal que les eximiera del pago que se les exigía. Su alegación de que fueron condenados sin ser oídos y sin haberse observado el debido procedimiento de ley carece de fundamentos.

*Por las razones expuestas debe desestimarse el recurso y confirmarse la resolución apelada.*