ƱNGAY GARAGE & RADIO CO., INC., demandante y recurrente, *v.* CELESTINO IRIARTE y DR. MARIO JULIÁ, ETC., demandados y recurridos.

*Número:* 332    *Resuelto:* 2 de marzo de 1962

---

*Guillermo Bauzá,* abogado de la recurrente; *Héctor González Blanes* y *Sifre & Ruiz Suria,* abogados de los recurridos.

Sala integrada por el Juez Asociado Señor Hernández Matos, como Presidente Accidental de Sala y los Jueces Asociados Señores Santana Becerra y Blanco Lugo.

PER CURIAM: Este pleito se está litigando desde el 5 de mayo de 1942 fecha en que se radicó la demanda. Los demandados recurridos suscribieron fianzas en aseguramiento de sentencia en un pleito que finalmente no prosperó—*Pereles* v. *Ongay,* 60 D.P.R. 8—, y en donde se efectuó un embargo de los bienes de la recurrente. En 17 de agosto de 1955 la Sala de San Juan del Tribunal Superior dictó sentencia declarando sin lugar la demanda de este caso bajo la doctrina en derecho de que la recurrente no había mitigado o evitado los daños y perjuicios que el embargo le ocasionó al no prestar fianza para el levantamiento del mismo o no haber hecho otras gestiones. En 27 de mayo de 1959 revocamos dicha sentencia (recurso 11,830) y devolvimos el caso disponiendo que se determinara el monto de los daños, y para ulteriores procedimientos.

Como consecuencia de lo anterior, en 25 de abril de 1960 la Sala sentenciadora dictó sentencia condenando a los recurridos a pagar a la recurrente la cantidad de $5,000 por concepto de daños. En vista de las conclusiones de la Sala sentenciadora que pasaremos a transcribir, y considerando nuestro *mandato* anterior, convenimos en revisar el fallo.

La Sala sentenciadora se expresó así:

"Aunque la orden de embargo original exigía una fianza de $10,000.00, lo cierto es que se produjeron por la parte demandante, en el caso número 32,004, dos fianzas por $5,000.00 cada una. Una de ellas fue radicada; la otra fue unida al expediente. (Transcripción de Autos—pág. 23.) Ambas fianzas son idénticas, firmadas por los mismos fiadores, con la excepción de que en

una aparece como demandante Iris María Pereles Pagán y en la otra Ana Pagán Vda. de Pereles. Para interpretar el alcance de estas fianzas importa señalar el hecho de que ambas fueron firmadas por los fiadores mucho tiempo antes de que se radicara la demanda y de que se dictara la orden de embargo en la que se fijaba la cuantía de la fianza. La moción sobre nulidad de embargo presentada por la corporación demandante indicaba que la orden de embargo y la fianza eran por $5,000.00. (Transcripción de Autos—pág. 22.)

"Por las admisiones de las partes y la prueba aportada, no hay duda de que se practicó un embargo sobre bienes de la aquí demandante y que ese embargo fue anulado. El pleito dentro del cual se practicó dicho embargo fue resuelto definitivamente a favor de Ongay Garage & Radio Co., Inc.

"De la prueba presentada en el juicio surge que el embargo ocasionó daños y perjuicios a la corporación demandante en este caso en exceso a la cantidad de $5,000.00, aún considerando toda la prueba en la forma más favorable a los demandados. Las ganancias dejadas de obtener por la corporación demandante y los artículos y objetos perdidos por ella como consecuencia del embargo, ascienden a una cantidad superior a la de $5,000.00.

### "CONCLUSIONES DE DERECHO

"Las fianzas deben ser interpretadas restrictivamente.

"Tomando en consideración las fianzas, la forma y el tiempo en que fueron hechas y los demás incidentes posteriores dentro de este litigio, llegamos a la conclusión de que los demandados originales, señores Iriarte y Juliá, solamente están obligados hasta $5,000.00. Véase la manifestación del Juez en el sentido de que no se había curado el defecto de que la fianza fuese por $10,000.00 y no por $5,000.00. (Transcripción de Autos—pág. 31.) Aunque el embargo fue anulado por defectos en la prestación y redacción de las fianzas, así como del trámite de las mismas, los demandados están impedidos de alegar la nulidad de esas fianzas para no responder de la obligación en que voluntariamente incurrieron. Siendo las fianzas por solamente $5,000.00, aunque los daños y perjuicios ocasionados fueron mayores de esa cantidad, a los fiadores solamente puede exigírseles la totalidad de los $5,000.00" ▇

Desde un principio los recurridos plantearon afirmativamente como defensas ante el Tribunal de instancia y ante este

Tribunal en el recurso 11,839, la nulidad de las fianzas y que las obligaciones asumidas en virtud de las mismas no eran exigibles en derecho. Este planteamiento quedó resuelto en forma adversa a los recurridos al revocarse la sentencia en el referido recurso. Al seguirse los posteriores procedimientos que ordenamos, esa era la ley del caso para las partes. [1] ■

Según surge del récord, en 15 de junio de 1939 la entonces Corte de Distrito de San Juan decretó el aseguramiento de sentencia en el pleito aquél mediante el embargo de bienes de la recurrente previa la prestación de una fianza por la demandante en la cantidad de $10,000. Por razones que no aparecen se prestaron dos fianzas por $5,000 cada una en lugar de una fianza de $10,000, ambas a favor de la recurrente, suscritas por los recurridos como fiadores y por Ana Pagán como principal. La única diferencia entre esas dos fianzas es que en el primer por cuanto de la parte expositiva en una de ellas se hace referencia a la demandante Iris María Pereles Pagán, y en la otra a la demandante Ana Pagán Vda. de Pereles. El hecho carecía de importancia porque en el pleito en que se decretó el aseguramiento sólo había una demandante, la menor Iris María Pereles que comparecía representada por su madre Ana Pagán. Esta no reclamaba nada por su propio derecho. Ambas fianzas recibieron la aprobación del Juez de Distrito que ordenó el aseguramiento y en momento alguno la orden de afianzamiento fue modificada para rebajar la cuantía de $10,000 a $5,000. ■

En las anteriores circunstancias cometió error la Sala sentenciadora al considerar solamente una de las dos fianzas como exigible. En vista de que concluyó que la prueba demostraba la existencia de daños a la recurrente en cantidad que excedía de $5,000, *se revocará la sentencia* y una vez más se le devolverá el caso para que fije el monto de los daños pro-

---

[1] Contra la sentencia que ahora revisamos los recurridos interpusieron por separado el recurso de revisión 339 planteando nuevamente lo relativo a la nulidad de las fianzas. Nos negamos a expedir el auto de revisión.

bados por encima de $5,000 y proceda a dictar sentencia contra los recurridos, sin que dicha sentencia exceda en su principal de la suma de $10,000 por tratarse, en el caso de los fiadores, de una obligación *ex contractu* que obliga sólo hasta la cantidad en que los recurridos se impusieron dicha obligación, con los demás pronunciamientos de ley.