CARIBBEAN INSURANCE COMPANY, peticionaria, *v.* TRIBUNAL
SUPERIOR DE PUERTO RICO, SALA DE PONCE, HON. A. J.
MATTA, JUEZ, demandado; CARLOS ARMSTRONG E HIJOS
SUCESORES, INC., interventora.

*Número:* O-67-410    *Resuelto:* 6 de abril de 1970

920

*Elmer Toro Lucchetti* e *Isaías Rodríguez Moreno,* abogados de la peticionaria; *Antonio Zabater Cajigas,* abogado de la interventora.

EL JUEZ ASOCIADO SEÑOR RIGAU emitió la opinión del Tribunal

En 28 de octubre de 1963, el Tribunal Superior, Sala de San Juan, a petición del Comisionado de Seguros de Puerto Rico y a tenor con las disposiciones del Código de Seguros relativas a la rehabilitación de aseguradores (Arts. 40.010 y ss. del Código de Seguros; 26 L.P.R.A. sec. 4001 y ss.) expidió una orden designando Administrador de la Caribbean Insurance Company al Comisionado de Seguros y confiriéndole en su calidad de Administrador los poderes, funciones, deberes y autoridad que conlleva tal designación, todo ello al amparo de las disposiciones de ley antes citadas.

En 21 de junio de 1967 el tribunal dictó otra orden mediante la cual las propiedades y administración de la Carib-

bean fueron devueltas a sus dueños y oficiales. Mientras el Comisionado estuvo a cargo de la administración de los negocios de la Caribbean ésta continuó funcionando y expidió fianzas y cobró primas.

En primero de noviembre de 1965 la aquí interventora, Carlos Armstrong e Hijos, Sucrs., Inc., presentó una demanda en el Tribunal Superior, Sala de Ponce, en la cual, en síntesis, alegó lo siguiente: Que la demandante es una corporación doméstica que se dedica a la compraventa al por mayor y al detal de materiales de construcción; que la demandante suplió y vendió materiales de construcción a la firma contratista Bonse Construction Corporation; que la demandada Caribbean Insurance Co., mediante la aceptación de la correspondiente prima, expidió una fianza garantizando solidariamente con Bonse Construction Corporation el pago del precio de los materiales de construcción suplidos a ésta última para determinada obra, el principal de cuya fianza es superior a la suma de $6,121.14 reclamada en la demanda; que Bonse Construction Corp. debe a la demandante la mencionada cantidad, la cual está vencida desde el 23 de marzo de 1965 y la cual es líquida y exigible, habiendo resultado infructuosas las gestiones de cobro efectuadas.

En 12 de mayo de 1966 el tribunal dictó sentencia en rebeldía, por falta de comparecencia de la demandada y condenó a ésta a pagar a la demandante la suma de $6,121.14 más los intereses legales desde el 23 de marzo de 1965 y las costas.

En 9 de agosto de 1967 Armstrong e Hijos, Sucrs., Inc., presentó una moción, conforme a la Regla 51.4 de Procedimiento Civil para que el tribunal citara al Presidente y al Tesorero de Caribbean Insurance Company para interrogarlos. Estos fueron citados pero no comparecieron. Caribbean Insurance presentó dos mociones con el propósito de que se dejara sin efecto la sentencia, las cuales después de varios

incidentes fueron declaradas sin lugar. Siendo final y firme la mencionada sentencia del Tribunal Superior de 12 de julio de 1966 Caribbean Insurance presentó en este Tribunal una petición de *certiorari* para revisar esa actuación del Tribunal Superior. Debemos resolver tres planteamientos.

El primero de éstos es al efecto de que la Sala de Ponce del Tribunal Superior carecía de jurisdicción para ver el pleito iniciado contra Caribbean Insurance, ya que la orden dictada por la Sala de San Juan en el procedimiento de rehabilitación prohibía que "en modo alguno se instituyan procedimientos judiciales o administrativos, contra el mencionado Administrador, excepto con la previa autorización del tribunal." El tribunal recurrido resolvió este planteamiento declarando que la referida orden no era válida, ya que excedía lo provisto por el Código de Seguros, el cual sólo prohíbe que en el curso del procedimiento se entablen o mantengan acciones o procedimientos "de la naturaleza de embargo, orden para prohibir uso, o de ejecución." Art. 40.130 del Código; 26 L.P.R.A. sec. 4013.

Por ser el procedimiento de rehabilitación un procedimiento especial, creado especialmente por el estatuto, la jurisdicción del tribunal que expide la orden de rehabilitación está limitada por los propios términos y condiciones del estatuto bajo el cual se instituye dicho procedimiento. *Caminetti* v. *Imperial Mut. Life Ins. Co.*, 139 P.2d 681; *Caminetti* v. *Mutual Life Ins. Co.*, 129 P.2d 432; 2 Couch *On Insurance 2d*, sec. 22.60. La orden de la Sala de San Juan no puede tener el alcance de prohibir procedimientos judiciales que no fueran "de la naturaleza de embargo, orden para prohibir uso, o de ejecución." Nada hay en el Código de Seguros que, en estos procedimientos, autorice al tribunal a prohibir que se instituyan acciones en cobro de dinero y se dicte sentencia contra la compañía intervenida. Sería muy raro y hasta contradictorio que eso fuese como pretende la demandada

pues el Comisionado la estaba administrando con el propósito de que ésta continuase sus operaciones y se rehabilitase. Para continuar operando dicha compañía tenía que poder hacer cobros y también hacer pagos.

■ El propósito de la prohibición estatutaria es impedir que se adquieran derechos sobre el activo a cargo del Comisionado, pero no es impedir que puedan proseguirse procedimientos judiciales que sólo lleguen a la etapa de una sentencia dictada en contra de la compañía, como ocurrió en el presente caso.

■ Aun asumiendo, sin resolverlo, que el tribunal tuviese poder inherente o incidental para prohibir toda clase de procedimientos judiciales a personas que no son partes en el procedimiento de rehabilitación, la propia orden en el caso de autos dispone que la presentación de la misma "debidamente certificada . . . cuando fuere acompañada de un requerimiento del Administrador . . . servirán de orden" para que las personas o entidades a quienes se les presente dejen de hacer cualquier acto prohibido por dicha orden. En el presente caso, la orden no aparece certificada, ni fue acompañada de un requerimiento del Administrador. En ausencia de estos requisitos no puede ahora la recurrente, después que ha terminado el procedimiento de rehabilitación, hacer valer una orden que el propio Comisionado mientras estuvo a cargo de la compañía y después de haber sido debidamente emplazado por la Sala de Ponce, no opuso en el pleito.

La razón por la cual el Comisionado optó por no hacer valer la prohibición contenida en la orden es aparente si tomamos en cuenta una enmienda que en 17 de junio de 1964, la Sala de San Juan hizo a su orden de rehabilitación. En dicha enmienda se hace constar que desde que el Comisionado se hizo cargo de Caribbean, ha estado expidiendo fianzas a nombre de ésta con el objeto de rehabilitarla; que el día antes, alguien, sin autoridad para ello, circuló en

algunas salas del Tribunal Superior copia de la orden de rehabilitación; que ésto indujo a algunos magistrados a no aceptar fianzas expedidas por Caribbean; que en vista de esta situación se enmienda la orden original para facultar al Comisionado para que "continúe el expendio de los contratos de fianza en la misma forma que lo hacía dicho asegurador."

■ La referida enmienda se hizo con el propósito de aclarar que la orden era una de rehabilitación, que no era una de liquidación de la aseguradora Caribbean Insurance. Facultar al Comisionado a continuar el expendio de contratos de fianza en la misma forma que los hacía la aseguradora equivalía a facultarlo para continuar operando el negocio como un negocio en marcha, cosa distinta a administrar un negocio para liquidarlo. Una orden judicial autorizando a continuar la administración de una compañía como un "negocio en marcha" equivale a un mandato para dirigir dicho negocio en la forma usual y normal para el cual fue organizado y para ejecutar los contratos de la compañía de igual modo en que los ejecutaría una institución solvente. 2 Couch *On Insurance 2d*, sec. 22:47 y autoridades allí citadas.

En el contexto de la situación de autos, la facultad para continuar los negocios de la compañía con el propósito de rehabilitarla implicaba que las fianzas expedidas podían ser cobradas de igual modo que si hubiesen sido expedidas por compañías que no están siendo intervenidas. Es contrario al propósito del procedimiento de rehabilitación y al concepto de negocio en marcha que las pólizas expedidas durante dicho procedimiento no puedan ser cobradas por las vías comunes y corrientes que están disponibles para el cobro de fianzas de otras compañías. De otro modo, nadie aceptaría una fianza de la compañía que se desea rehabilitar y se frustraría el propósito mismo del procedimiento de rehabilitación. Nadie compraría pólizas a sabiendas de que no podrían cobrarse.

■ A la luz de estas consideraciones resolvemos que en lo relacionado con el cobro de las fianzas expedidas por la demandada no puede operar una prohibición que impida procedimientos judiciales contra dicha compañía. Aún en el campo de quiebra federal, donde se ha reconocido la facultad del tribunal de quiebra para suspender o prohibir procedimientos en otros tribunales, la doctrina reiterada es al efecto de que dicha facultad no puede ejercerse cuando hacerlo no contribuye a ejecutar el plan trazado para el quebrado. Véase 6 Collier *On Bankruptcy*, 14ta. ed. (1969), págs. 483 y 640. Véanse además, *In re International Reinsurance Corporation*, 48 A.2d 529 y Anno: *"Receiver—Action Against Corporation,"* 8 A.L.R. 441.

En el caso de autos la disposición prohibitiva fue incluída en la orden para ponerla en vigor sólo en caso de haber sido necesaria la liquidación de la corporación; de otra manera habría resultado incompatible con el proceso de rehabilitación. Ello explica porqué en la orden se dispuso que cualquier prohibición contenida en la misma se haría efectiva presentándose copia certificada de dicha orden acompañada de un requerimiento del Comisionado de Seguros.

■ La segunda cuestión que se plantea es que la notificación de la sentencia debió hacerse en una hoja separada, como se acostumbra a hacer, y no insertándola en el último pliego de la sentencia. Este planteamiento es frívolo. Nada hay que indique que se han afectado derechos sustanciales (Regla 50); nada hay en las Reglas que requiera que la notificación de la sentencia se haga en hoja separada. La Regla 65.3 sólo exige que "Inmediatamente después de archivarse en autos copia de una orden o sentencia, el secretario dará aviso por correo de tal archivo a todas las partes afectadas. . . ." En el caso de autos, al insertarse la notificación al final de la hoja de la sentencia la recurrente no

sólo recibió dicha notificación, sino que tuvo el beneficio adicional de recibir copia de la sentencia misma.

La última cuestión que plantea la recurrente es que el Tribunal Superior dejó de resolver la cuestión de si ella fue o no privada de su propiedad sin el debido procedimiento de ley. El tribunal no hizo ningún pronunciamiento en cuanto a esta cuestión sencillamente porque la recurrente no expuso hecho alguno para sustanciar la misma.

Es ante este Tribunal que por primera vez la recurrente intenta sustanciar la alegada cuestión constitucional alegando que ella nunca fue emplazada ni notificada en forma alguna de la existencia del caso. Surge de los autos que Caribbean Insurance fue debidamente emplazada y notificada de la sentencia en sus oficinas en el edificio Plaza en San Juan. Su posición es que las notificaciones así cursadas a la compañía no fueron de hecho notificadas a sus directores y oficiales, sino a los agentes del Comisionado de Seguros quienes para ese tiempo estaban a cargo de la administración de la compañía. Entiende la recurrente que al no citarse y notificarse directamente a los oficiales y directores de la compañía, se privó a ésta de su propiedad sin el debido proceso de ley. La recurrente pide que el caso sea devuelto al Tribunal Superior para que éste resuelva la cuestión; o en caso contrario, se le permita ampliar su alegato para discutir más extensamente la misma. (¹)

Como dijimos, esta cuestión no fue debidamente planteada en el tribunal de instancia, ya que la recurrente no adujo hechos para sustanciarla. Devolver el caso implicaría el señalamiento de una nueva vista en dicho tribunal y posiblemente la solicitud de otra revisión ante este Tribunal. La recurrente sabía que este Tribunal podía negarse a devolver el caso y venía obligada a discutir adecuadamente en su

---

(¹)En este caso hubo una vista en este Tribunal en 20 de enero de 1969 y al día siguiente la recurrente radicó un alegato enmendado que en sustancia no altera las cuestiones suscitadas en el alegato original.

alegato todos los fundamentos que hubiesen apoyado su posición. Permitirle ahora que amplíe su alegato equivale a aprobar una práctica dilatoria y no lo haremos. Veamos, sin embargo, si se violó el debido procedimiento de ley al no notificar o emplazar a los oficiales de la compañía que durante el proceso de rehabilitación fueron sustituidos por los agentes del Comisionado.

■ En los casos en que se ha atacado la suficiencia de la notificación o emplazamiento hechas a una compañía a través de un administrador o síndico estatutario o judicial que temporeramente está a cargo de los asuntos de la compañía, se ha sostenido que dicha notificación es suficiente. *Grady* v. *Richmond & D. R. Co.*, 21 S.E. 304; *State* v. *Port Royal & A. Ry. Co.*, 84 Fed. 67; *Painter* v. *Painter*, 71 Pac. 90.

En el caso *Grady*, al igual que en el caso de autos, se dictó sentencia en rebeldía contra una compañía que había sido emplazada a través de un agente de un síndico que temporeramente estaba a cargo de la compañía. Allí se dijo que el emplazamiento hecho a través de dicho agente es un emplazamiento hecho a la corporación, tan completo como si se hubiera emplazado al presidente de la misma. Nuestra Regla 4.4 (e) de Procedimiento Civil dispone que una corporación puede ser emplazada entregando copia del emplazamiento y de la demanda a "un funcionario, gerente administrativo o agente general, *o a cualquier otro agente autorizado* por nombramiento o designado por ley para recibir emplazamientos." (Énfasis nuestro.) Los agentes del Comisionado eran agentes autorizados.

En el caso *Port Royal*, supra, se atacó el emplazamiento hecho a un agente del síndico que temporeramente estaba a cargo de los asuntos de la corporación demandada. Alegó ésta que dicho emplazamiento no constituyó un emplazamiento hecho a la corporación. El tribunal rechazó esta posición resolviendo que cuando una corporación se pone en manos de

un síndico, éste sustituye a las personas que hasta entonces habían administrado los asuntos de la corporación, y como el síndico está a cargo de los asuntos de la corporación, es apropiado emplazar a éste o a su agente.

En el caso *Painter*, supra, un condueño de una compañía que estaba bajo sindicatura, arguyó que una sentencia dictada contra el síndico, en calidad de administrador de dicha compañía, no lo obligaba a él, ya que no tuvo oportunidad de ser oído y podía, por consiguiente, atacar la sentencia en sus méritos con el fin de defender su propiedad. Se resolvió que la sentencia lo obligaba independientemente de si éste se incluyó o no como parte en la acción, pues el síndico era el representante de todas las personas interesadas en la propiedad bajo su cargo.

En el caso de autos, tanto bajo el Código de Seguros como bajo la orden del tribunal, el Comisionado quedó investido con todos los poderes de la corporación y los oficiales regulares de la aseguradora estaban impedidos de actuar a nombre de la misma. Ningún propósito hubiera servido que éstos hubieran sido notificados. La compañía no está desprovista de todo remedio, ya que como fiadora puede repetir contra el principal y el Comisionado responde con su fianza de la debida administración del activo de la compañía. Código de Seguros, Art. 40.080; 26 L.P.R.A. sec. 4008(4). No puede sostenerse que la compañía fue despojada de su propiedad sin el debido procedimiento de ley.

*Se confirmará la sentencia dictada en este caso por el Tribunal Superior, Sala de Ponce, en 12 de mayo de 1966 y su Resolución de 26 de octubre de 1967, y se anulará el auto expedido. Se le impondrán las costas a la peticionaria.*

El Señor Juez Presidente y los Jueces Asociados Señores Santana Becerra y Blanco Lugo, no intervinieron.