CARIBBEAN INSURANCE COMPANY, demandante y apelante, *v.* TRIBUNAL DE DISTRITO DE FAJARDO, demandado y recurrido; AIDA ESTHER NIEVES, ETC., interventora.

*Número:* O-68-182      *Resuelto:* 6 de mayo de 1970

92

*Elmer Toro Lucchetti* e *Isaías Rodríguez Moreno,* abogados de
la peticionaria; *José C. Matta Ruiz,* abogado de la inter-
ventora.

EL JUEZ ASOCIADO SEÑOR RIGAU emitió la opinión del Tribunal.

Según relatamos en *Caribbean Insurance Co.* v. *Tribunal Superior*, 98 D.P.R. 919 (1970), en 28 de octubre de 1963 el Tribunal Superior, Sala de San Juan, a petición del Comisionado de Seguros de Puerto Rico y a tenor con las disposiciones del Código de Seguros relativas a la rehabilitación de aseguradores (Arts. 40.010 y ss. del Código de Seguros; 26 L.P.R.A. secs. 4001 y ss.) expidió una orden designando Administrador de la Caribbean Insurance Company al Comisionado de Seguros y confiriéndole en su calidad de Administrador los poderes, funciones, deberes y autoridad que conlleva tal designación, todo ello al amparo de las disposiciones de ley antes citadas.

En 21 de junio de 1967 el tribunal dictó otra orden mediante la cual las propiedades y administración de la Caribbean fueron devueltas a sus dueños y oficiales. Mientras el Comisionado estuvo a cargo de la administración de los negocios de la Caribbean ésta continuó funcionando y expidió fianzas y cobró primas.

En 4 de mayo de 1966, Caribbean, por medio de los agentes del Comisionado de Seguros, expidió una fianza judicial en el caso *Mejías* v. *Santiago*, CD-66-81, sobre cobro de dinero, visto ante el Tribunal de Distrito, Sala de Fajardo. Dicha fianza se expidió para responder de los daños y perjuicios que pudiera irrogar a la parte demandada el embargo trabado sobre un automóvil de su propiedad, cuyo embargo fue ordenado para asegurar la efectividad de la sentencia que en su día pudiera recaer a favor de la parte demandante. En el referido pleito, Santiago, el demandado, entabló reconvención reclamando indemnización por los daños que el embargo le causó.

El Tribunal de Distrito declaró sin lugar la demanda y con lugar la reconvención, condenando a la parte demandante al pago de la suma de $1,040.00 por concepto de daños, más las costas y $250.00 para honorarios de abogado.

En 20 de junio de 1967, habiendo advenido firme la sentencia dictada a favor de Santiago, éste, por conducto de su abogado, presentó moción para que el tribunal sentenciador ordenase a Caribbean a hacer efectiva la fianza. Con fecha 21 de junio de 1967, [1] el tribunal declaró con lugar la moción, y en su consecuencia dictó orden para que Caribbean compareciera "como fiadora del demandante, a hacer efectivo el importe de dicha sentencia, por la suma de $1,040.00 más $250.00 por concepto de honorarios, dentro de un plazo de treinta (30) días a partir de la notificación de esta orden." [2]

Con fecha de 30 de junio de 1967, Caribbean radicó una moción para que se dejara sin efecto la orden referida en el párrafo que antecede, aduciendo como fundamento que el Comisionado de Seguros estaba en proceso de devolver la compañía a sus dueños y oficiales, por cuyo motivo Caribbean desconocía cómo podía quedar afectada la situación en este caso. Vista la moción, el tribunal señaló el día 18 de septiembre para discutir la misma. En la fecha señalada, Caribbean presentó otra moción para que se dejara sin efecto la sentencia, aduciendo que el Tribunal Superior que dictó la orden de rehabilitación tenía jurisdicción exclusiva sobre la compañía. Ambas mociones fueron declaradas sin lugar. La actuación del tribunal sentenciador fue confirmada por el Tribunal Superior, Sala de Humacao, por vía de *certiorari*.

Expedimos auto de *certiorari* para revisar lo resuelto por el Tribunal Superior y, por ende, la actuación del tribunal sentenciador. La peticionaria fracciona sus planteamientos y

---

[1] Como se recordará en esa misma fecha el Tribunal Superior, Sala de San Juan, dictó orden devolviendo las propiedades y administración de Caribbean a sus dueños y oficiales.

[2] Consta de la fianza que Caribbean responde hasta un monto de $1,000.00 de los daños que pudiera causar el aseguramiento. La responsabilidad del fiador se limita a aquélla a que se obligó en el contrato de fianza. *Ongay* v. *Iriarte*, 84 D.P.R. 559, 563 (1962).

señala cuatro errores, pero éstos se reducen a que resolvamos (1) si la orden dictada en el procedimiento de rehabilitación privaba al tribunal sentenciador de jurisdicción para hacer efectiva la fianza, y (2) si nuestro derecho procesal o el debido procedimiento de ley requieren que un fiador que se compromete a responder por los daños irrogados por un embargo, se haga parte demandada y se le dé oportunidad de ser oído en el pleito.

■ En *Caribbean Insurance Co.* v. *Tribunal Superior*, O-67-410, resuelto en 6 de abril de 1970, 98 D.P.R. 919, dispusimos de la primera cuestión resolviendo que la referida orden de rehabilitación dictada por el Tribunal Superior, Sala de San Juan, no impedía que otros tribunales dictaran sentencia contra Caribbean.

■ Pasemos ahora a la segunda cuestión que debemos resolver. Como cuestión previa, es pertinente señalar que si bien la solidaridad en las obligaciones no se presume, sino que debe haber pacto expreso al efecto, Art. 1090 del Código Civil, 31 L.P.R.A. sec. 3101, el fiador judicial tiene la condición de deudor solidario y está impedido de pedir la excusión de bienes del deudor principal. *Muriente* v. *Terrasa*, 22 D.P.R. 738 (1915) y 31 L.P.R.A. sec. 4973.

■ Entiende la peticionaria que como tal fiadora solidaria que es en este caso, debió seguirse contra ella el procedimiento dispuesto en el Código de Enjuiciamiento Civil, para obligar a deudores solidarios que no han comparecido en el pleito. 32 L.P.R.A. secs. 1331–1336. Dicho procedimiento provee los siguientes derechos al deudor solidario: (1) que se le cite requiriéndole que demuestre causa por la cual no ha de estar obligado por la sentencia; (2) que la citación sea diligenciada del mismo modo y dentro de igual término que un emplazamiento ordinario; (3) que pueda contestar la citación aduciendo ciertas defensas, y (4) que pueda sustanciar sus defensas en una vista.

■ No tiene razón la peticionaria. Al único fiador judicial que dicho procedimiento se hizo extensivo fue al fiador que presta fianza para levantar el embargo que asegura la efectividad de una sentencia, quien además tiene derecho a que se expida orden de ejecución contra la parte condenada por la sentencia y que la misma sea devuelta sin cumplimentar antes de que pueda pedirse orden de ejecución contra él.(3) Esto es así desde que en el año 1916 se enmendó la Ley para Asegurar la Efectividad de las Sentencias del año 1902. *Benabe* v. *Corte*, 42 D.P.R. 896, 901 (1931).

■ El procedimiento a seguirse contra fiadores judiciales en casos como el presente es el descrito en *Durán* v. *Sucn. Durán*, 58 D.P.R. 59 (1941). Allí expresamente rechazamos la aplicación del procedimiento contra deudores solidarios a casos de fiadores judiciales. Allí indicamos que para responsabilizar a un fiador judicial lo correcto es que el Tribunal expida una orden requiriendo al fiador para que haga efectivo el importe de la sentencia o que comparezca a mostrar causas por las cuales no debe obligársele a pagar. Nada más es necesario.

En el presente caso, sin embargo, la orden sólo requería que se hiciera efectivo el importe de la sentencia. Idéntico requerimiento se hizo en el caso de *Durán* y los fiadores allí comparecieron oponiéndose al requerimiento aduciendo varios fundamentos en su apoyo, incluyendo todos los que aquí plantea la peticionaria.

■ Resolvimos allí que el procedimiento seguido en el caso se ajustaba sustancialmente a los requisitos del debido procedimiento de ley; que los fiadores tuvieron oportunidad de intervenir y no lo hicieron; que comparecieron no para hacer efectivo el importe de la fianza ni para exponer mo-

---

(3) 32 L.P.R.A. sec. 1084; *Balbaño* v. *Cintrón*, 53 D.P.R. 844 (1938); *Coballes* v. *Corte Municipal*, 43 D.P.R. 595 (1931); *Benabe* v. *Corte*, 42 D.P.R. 896 (1931).

tivos para negarse a ello, sino para presentar objeciones frívolas y dilatorias, que tuvieron su día en corte y amplia oportunidad para haber presentado cualquier defensa legal que los eximiera del pago; y que su alegación de que fueron condenados sin ser oídos y sin haberse observado el debido procedimiento de ley carecía de fundamento. ([4])

Cabe añadir que el procedimiento trazado en el caso de *Durán* resulta menos sumario que el que disponen las Reglas de Procedimiento federal para hacer efectivo el importe de una fianza judicial. Bajo la Regla 65.1 federal, promulgada en el año 1965, el fiador se somete irrevocablemente a la jurisdicción del tribunal, e irrevocablemente nombra al Secretario del tribunal como agente autorizado a recibir papeles relacionados con su obligación. El Secretario viene obligado a enviar dichos papeles, por correo, al fiador. Para obligarlo a hacer efectiva la fianza es suficiente que se presente una moción al efecto y que el tribunal expida una notificación de la misma y entregue ambas al Secretario. No provee dicha Regla para que el fiador tenga oportunidad para mostrar causas por las cuales no debe hacer efectivo el importe de la sentencia o de la fianza.

■ Ahora bien, bajo nuestras Reglas una vez el tribunal ha expedido orden para que el fiador haga efectiva su obligación en la fianza, si éste hace caso omiso de la orden o se niega a cumplirla, la parte favorecida por la orden puede hacer efectiva la obligación del fiador por medio del procedimiento de ejecución provisto en la Regla 51. En efecto, dispone la Regla 51.6 que "cuando una persona que no sea parte en el pleito pueda ser obligada al cumplimiento de una orden dicha persona estará sujeta al mismo procedimiento para obligarla a cumplir la orden como si fuese una parte." Por consiguiente, la parte victoriosa en el pleito

---

([4]) Aunque en *Durán*, supra, se trataba de una fianza para garantizar el pago de las costas, el caso planteaba una situación igual a la del de autos.

puede embargar y ejecutar bienes del fiador para hacer efectiva su obligación, sin otro requisito que el de obtener los correspondientes mandamientos.

*Se modificará la sentencia dictada en el caso CD-66-81 en 19 de mayo de 1967 por el Tribunal de Distrito, Sala de Fajardo, en el sentido de rebajar de $1,040.00 a $1,000.00 la responsabilidad de la fiadora por ser ése el monto de la fianza y así modificada se confirmará. Se condenará además a la peticionaria a pagar al interventor Santiago Rodríguez Lebrón la suma de $300.00 para honorarios de abogado.*

El Señor Juez Presidente y el Juez Asociado Señor Santana Becerra no intervinieron.