CINTRÓN, DEMANDANTE Y APELADO, *v.* COLORADO, DEMANDADO
Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Mayagüez
en causa sobre reclamación de daños y perjuicios.

No. 1273.—Resuelto en junio 18, 1915.

SOCIEDADES—SOCIEDADES BAJO UN NOMBRE COMÚN—DEMANDA EN PARTICULAR
CONTRA UNO DE LOS SOCIOS—FALTA DE CAUSA DE ACCIÓN.—De acuerdo con
el artículo 73 del Código de Enjuiciamiento Civil, cuando dos o más personas
asociadas en cualquier negocio lo realizan bajo un nombre común, comprenda
éste o nó los nombres de dichos asociados, podrán ser demandados bajo dicho
nombre común, haciéndose en ese caso la citación a uno o más de ellos, pero
la responsabilidad no puede exigirse a uno solo en particular porque su perso-
nalidad es distinta de la que pueda tener como socio y no habría· contra él
causa de acción.

ID.—JOINT TORT FEASORS—APLICACIÓN DE ESTA TEORÍA.—La teoría que se designa
en la nomenclatura jurídica americana con el nombre de *joint tort feasor* no
es aplicable a un caso como el de autos en que se ha demostrado la existencia
de una sociedad, la cual, así en sus derechos como en sus obligaciones, debe
regularse por la ley bajo cuyo imperio funciona.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. R. Díaz Collazo.*

Abogado del apelado: *Sr. Leopoldo Feliú.*

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del
tribunal.

Se trata de acción ejercitada por José Cintrón en repre-
sentación de su hija menor Rosa Cintrón, ante la Corte de
Distrito de Mayagüez contra Rafael Colorado en reclama-
ción de daños y perjuicios.

Aléganse como hechos fundamentales de la demanda que
en 15 de febrero de 1913 el demandado Rafael Colorado era
arrendatario del teatro denominado "Novedades" en la ciu-
dad de Mayagüez y en él se dedicaba al negocio de dar al
público espectáculos cinematográficos y de otras clases; que
en la noche del expresado día Rosa Cintrón asistió a una fun-
ción cinematográfica dada en el mencionado teatro bajo el
control y dirección del demandado y al terminar el espec-
táculo, sin que mediara culpa ni negligencia alguna por su

parte y sí por la del demandado o de sus agentes, sirvientes o empleados, cayóse una silla de un balcón o galería alta del edificio causándole una herida en el cráneo, magulladuras y contusiones en diferentes partes de su cuerpo con fuerte conmoción nerviosa general y grandes dolores físicos, por lo que se vió obligada a guardar cama unos veinte días y a utilizar servicios médicos y medicinas para su tratamiento; y que ha sufrido daños en cuantía de $999, a saber $699 por la lesión craneana, contusiones y dolores físicos, y $300 por gastos de médico y medicinas.

La demanda concluye con la súplica de que se condene al demandado a pagar al demandante la expresada suma con más las costas, gastos, desembolsos y honorarios de abogado.

El demandado en su contestación niega los hechos en que se funda la demanda y como materia nueva constitutiva de defensa especial alega: que el teatro de Mayagüez denominado "Novedades" funcionaba en la fecha indicada bajo el control, en calidad de arrendamiento, de la sociedad "Cine Puerto Rico" representada por R. Terrats, según contrato de arrendamiento que dicha sociedad celebró en 1°. de diciembre de 1912, por término de un año con Don Damián del Moral, dueño del aludido teatro.

Celebrado el juicio la corte pronunció sentencia en 1°. de abril de 1914 por la que declara con lugar la demanda y en su consecuencia condena al demandado Rafael Colorado a que pague al demandante en la capacidad con que comparece en el litigio, la suma de $999 con más las costas, gastos, desembolsos y honorarios del abogado del demandante, contra cuya sentencia interpuso el demandado recurso de apelación para ante esta Corte Suprema.

Alega la parte apelante como único motivo del recurso que, actuando como actuaba el teatro "Novedades" de Mayagüez bajo el control, en calidad de arrendamiento, de la sociedad industrial "Cine Puerto Rico" constituída por escritura pública entre Rafael Colorado y Rafael Terrats como socios, no es posible que se pueda demandar solamente a uno de

sus socios o sea a Colorado, sin brindar una oportunidad al otro socio para ser oído y vencido en juicio de acuerdo con la ley, y por ese fundamento solicita la revocación de la sentencia apelada.

Con relación al motivo en que se funda el recurso, la evidencia aportada al juicio demuestra los siguientes extremos:

A. Que por documento privado que presentó el mismo demandante como prueba, Don Damián del Moral arrendó el teatro "Novedades" de Mayagüez a Rafael Colorado y R. Terrats por término de un año a contar desde el día 1°. de diciembre de 1912 por precio de $100 mensuales, y bajo las demás condiciones que se expresan en dicho documento, el cual termina así: "Firmado, pp. D. del Moral, Angel Martínez. Cine Puerto Rico. R. Colorado, R. Terrats."

B. Que por escritura pública que a su vez el demandado ofreció como prueba, documento otorgado en 10 de junio de 1912 ante el notario Don Damián Monserrat y Simó, Rafael Colorado y Rafael Terrats constituyeron una sociedad industrial por término de dos años a contar desde el 27 de marzo del año expresado, con capital social de $6,000 que ambos socios aportaron de por mitad en dinero efectivo, material y créditos. El objeto de dicha sociedad, según reza el mismo documento, era el de especular en el negocio de exhibiciones cinematográficas, compraventa de material adecuado, alquiler de películas y demás operaciones propias del ramo; ambos socios tendrían indistintamente la administración de la sociedad, pudiendo cada cual en nombre de ella efectuar contratos de todas clases y realizar todos los actos propios de la índole de la empresa; y semestralmente había de practicarse un inventario y balance para conocer el estado de la sociedad y saber lo que a cada socio correspondiera en los beneficios o pérdidas si las hubiere.

Como se ve, no era el demandado Rafael Colorado sino la sociedad "Cine de Puerto Rico" quien arrendó el teatro "Novedades," de Mayagüez, a Don Damián del Moral, y los beneficios así como las pérdidas que hubiera en el funciona-

miento de dicha sociedad cuyo fin era especular en el nego-
cio de exhibiciones cinematográficas, no habían de ser exclu-
sivamente para el demandado Colorado sino repartidos entre
éste y su socio Terrats.

La responsabilidad originada por el desgraciado accidente
en que se funda la demanda no puede exigirse al demandado,
cuya personalidad es distinta de la que puede tener como
socio y administrador de la mencionada sociedad.

En la forma en que se ha ejercitado la acción, ni el deman-
dado Colorado como particular puede ser condenado por sen-
tencia al pago de la indemnización total que se le reclama
para hacerla efectiva con bienes propios o con la partici-
pación que tenga en dicha sociedad, ni tampoco puede ser
condenada a prestar esa indemnización la sociedad industrial
"Cine Puerto Rico," ni Rafael Terrats en unión de Colorado,
pues ni esa sociedad ni Terrats han sido oídos en el juicio.

El artículo 73 del Código de Enjuiciamiento Civil, al que
ha debido sujetarse el demandante en el ejercicio de su acción,
dice así:

"Artículo 73.—Cuando dos o más personas, asociadas en cual-
quier negocio, lo realizan bajo un nombre común, comprenda éste
o nó los nombres de dichas personas los asociados podrán ser deman-
dados bajo dicho nombre común, haciéndose en ese caso la citación
a uno o más de los asociados; y al fallo del pleito quedarán obliga-
dos los bienes comunes de todos los asociados, de igual modo que si
todos hubiesen sido demandados personalmente en virtud de su común
responsabilidad."

Opinamos que la acción ejercitada no ha podido prosperar
contra Colorado sino que ha debido ejercitarse contra éste
en representación de la sociedad "Cine Puerto Rico," o con-
tra Colorado y Terrats como únicos miembros de dicha socie-
dad, y así por el fallo que recayera en el pleito, quedarían
obligados los bienes comunes de ambos asociados, de igual
modo que si los dos hubieran sido demandados personalmente
en virtud de su responsabilidad común.

No hay en el presente caso defecto de partes demandadas sino falta de causa de acción contra Rafael Colorado que como tal ha sido demandado sin relación alguna con la sociedad "Cine Puerto Rico."

Alega la parte apelada que Colorado y Terrats, por el hecho de estar ligados, si en realidad lo estaban, en el negocio y explotación del teatro "Novedades," vinieron a ser lo que se designa en la nomenclatura jurídica americana con el nombre de *joint tort feasors* y que por tanto la acción ha estado bien ejercitada contra Colorado solamente.

Esa teoría no es aplicable al presente caso en que se ha demostrado la existencia de la sociedad "Cine Puerto Rico" de que son miembros Colorado y Terrats, cuya sociedad, así en sus derechos como en sus obligaciones, debe regularse por la ley bajo cuyo imperio funciona.

Por las razones expuestas es de revocarse la sentencia apelada y absolverse al demandado de la demanda en la forma en que ha sido interpuesta.

> *Revocada la sentencia apelada absolviéndose*
> *al demandado de la demanda.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro y Aldrey.

El Juez Asociado Sr. Hutchison no intervino.