PER curiam:
Tenemos la ocasión para interpretar el significado y aplicar las Reglas 15.3 y 51.7 de Procedimiento Civil de Puerto Rico, y el Art. 1.06 de la Ley General de Corporaciones de 1995.
I
La recurrida, Jessica Berastain (Berastain o recurrida) se enteró, por lo que le informó una amiga, que en la firma Comtec Communication (Comtec), donde la amiga trabajaba, estaba vacante la posición de recepcionista. Por ello, el 17 de febrero de 2000 Berastain se entrevistó con Alberto Monzón (Monzón), vicepresidente de la firma aludida y obtuvo el puesto de trabajo referido. En esa ocasión, Monzón le indicó a Berastain que podía renunciar de inmediato al empleo que ella tenía en ese momento, y ese mismo día la secretaria de Monzón le preparó a Berastain su carta de renuncia al empleo que ésta había tenido hasta entonces.
Berastain comenzó a trabajar seguidamente en Comtec, pero en el tercer día de empleo en dicha empresa, el 24 de febrero de 2000, Henry Barreda Rivera —su presidente— la despidió sin siquiera pagarle el tiempo que ella había *699 trabajado allí.(1) Barreda Rivera sólo le indicó a Berastain que había decidido escoger otra persona para el puesto.
La recurrida se quejó ante el Departamento del Trabajo y Recursos Humanos de Puerto Rico (Departamento del Trabajo y Recursos Humanos) y allí obtuvo una determinación oficial mediante la cual se declaró que la firma Comtec había discriminado contra Berastain, que dicho patrono debía reinstalarla y que le debía una indemnización.
Comtec negó la determinación administrativa referida mediante una carta de Monzón. Ello dio lugar, entonces, a que el 19 de febrero de 2002 el propio Secretario del Departamento del Trabajo y Recursos Humanos (Secretario del Trabajo) presentara una querella contra Comtec por despido injustificado ante el Tribunal de Primera Instancia en representación de Berastain. La querella también incluyó una reclamación de discrimen por impedimento físico porque Berastain era una lisiada que tenía amputada su pierna derecha. En la querella, que se fundamentó tanto en las leyes de Puerto Rico(2) como en el Americans with Disabilities Act de 1990 federal, el Secretario del Trabajo reclamó para la obrera salarios adeudados de $18,400 hasta enero de 2002, $800 por cada mes que hubiese transcurrido desde entonces sin que la querellante hubiese sido repuesta en su empleo, más su duplo por ser un caso de discrimen. También reclamó $25,000 como daños por la acción de discrimen.
Comtec no contestó la ominosa querella presentada por el Secretario del Trabajo a pesar de haber sido debidamente emplazada mediante diligenciamiento por alguacil —en la persona de Alberto Monzón— y a pesar de haber sido apercibida de las consecuencias de no contestar la *700 querella. En vista de lo anterior, y de acuerdo con lo dispuesto en la See. 4 de la Ley Núm. 2 de 17 de octubre de 1961 (32 L.P.R.A. see. 3121), el 12 de septiembre de 2002 el Tribunal de Primera Instancia emitió una sentencia en rebeldía en el caso de autos y condenó a Comtec a pagarle $71,400 a Berastain, más $1,600 adicionales por cada mes que transcurriese hasta que se repusiera a Berastain en su trabajo en Comtec.
Posteriormente, Berastain contrató su propio abogado para ejecutar la sentencia, y el 3 diciembre de 2003 presentó una moción ante el foro de instancia. Adujo que en este caso se había demandado a Comtec como su patrono, pero que no había sido posible ejecutar la sentencia referida contra dicha corporación porque ésta no existía como tal, por no estar registrada en el Departamento de Estado. Señaló que la sentencia emitida el 12 de septiembre de 2002 había advenido final y firme, pero Comtec no había pagado nada. Berastain solicitó al tribunal, según la Regla 51.7 de Procedimiento Civil, 32 L.P.R.A. Ap. III, que declarase deudores solidarios responsables por la sentencia a una lista de personas que incluía a Henry, Pedro y José, todos de apellido Barreda, a Alberto Monzón y a Sandra Díaz, por ser todos ellos las personas naturales que bajo el nombre de Comtec Communication habían llevado a cabo los actos descritos en la demanda. Berastain solicitó, además, que se citara a las cinco personas aludidas para que mostraran causa por la cual no debían estar obligados por la sentencia contra Comtec, igual que si hubieran sido demandados desde un principio.
Mediante la Resolución de 20 de enero de 2004, el Tribunal de Primera Instancia ordenó que citaran a una vista de todos los mencionados integrantes de Comtec. El 18 de marzo de 2004 el foro de instancia celebró la vista referida para dilucidar si había alguna razón por la cual a todos los integrantes de Comtec, identificados antes, no se les debía considerar como deudores solidarios de la Sentencia de 12 de septiembre de 2002, que estaba pendiente de pago, y había advenido firme y final. En dicha vista, los citados *701 integrantes de Comtec intentaron defenderse al explicar que su única relación con Berastain había sido que ésta trabajó en su firma como recepcionista por dos días, como parte de un proceso para seleccionar empleados. Posteriormente, en dicha vista, ambas partes solicitaron tiempo para tratar de llegar a un acuerdo en cuanto al pago de la sentencia en cuestión. Le indicaron las partes al tribunal que se reunirían a tales fines el 31 de marzo de ese año. El foro de instancia aceptó la solicitud de las partes y señaló una vista de seguimiento para el 14 de mayo de 2004.
En la vista de seguimiento referida salió a relucir que ninguno de los demandados acudió a la reunión concertada para tratar de llegar a un acuerdo. También quedó claro que la parte demandada tampoco se había comunicado con Berastain o su representante legal, por lo que no había ningún acuerdo entre las partes. El Tribunal de Primera Instancia, entonces, señaló una vista evidenciaría, a celebrarse el 7 de febrero de 2005, para que se presentara prueba sobre la relación específica que tenían con Comtec las personas en la lista que alegadamente integraban dicha empresa.
En la Resolución en la cual se convocó a todas las partes a la vista de 7 de febrero de 2005, el foro de instancia precisó en gran detalle lo que se habría de dilucidar. Indicó, concretamente, que para poder establecer la responsabilidad particular por el discrimen que Berastain sufrió en Comtec, era necesario: (1) conocer la relación específica que tenían con Comtec las cinco personas que alegadamente integraban dicha entidad; (2) dilucidar si todos eran patronos de Berastain, y (3) dilucidar de dónde dimanaba la alegada solidaridad que existía entre ellos. El foro de instancia, además, hizo hincapié en dicha Resolución en cuanto a que con esa vista se procuraba brindarle una oportunidad a los demandados para defenderse de las alegaciones en su contra. Específicamente se les recabó que expusieran si había motivo alguno por el cual no se les debía incluir a todos como deudores solidarios en la sentencia.
*702 Celebrada la vista evidenciaría referida, sólo los señores Henry y José Barreda comparecieron —representados por su abogado— pero decidieron no ofrecer testimonio. Los demandados, pues, no presentaron prueba para contradecir o refutar el testimonio de los testigos de la parte demandante. Se limitaron a contrainterrogar a dichos testigos. El foro de instancia recibió la prueba ofrecida por la demandante, le otorgó credibilidad y dictó una sentencia enmendada en la que determinó, en esencia, que en este caso había ocurrido un despido injustificado y discriminatorio y que, dado que Comtec no existía como corporación, las personas que tomaban las decisiones en Comtec —a saber, Alberto Monzón y Henry y José Barreda— eran solidariamente responsables por la cantidad adeudada. Fundamentó el dictamen de solidaridad en lo resuelto por este Foro sobre cuando los cocausantes de algún daño responden solidariamente, y citó a P.R. Fuels, Inc. v. Empire Gas Co., Inc., 149 D.P.R. 691 (1999), a Arroyo v. Hosp. La Concepción, 130 D.P.R. 596 (1992), y a Odriozola v. S. Cosmetic Dist. Corp., 116 D.P.R. 485 (1985).
Tras serle denegada su solicitud de determinaciones adicionales de hecho, Henry y José Barreda acudieron al Tribunal de Apelaciones y alegaron que había errado el Tribunal de Primera Instancia al determinar que ellos eran solidariamente responsables, sin haber suficiente prueba al respecto.
El 31 de octubre de 2005 el foro apelativo emitió una sentencia mediante la cual confirmó el dictamen del foro de instancia y ordenó su ejecución. Resolvió concretamente que en el caso de autos la acreedora —Berastain— podía cobrar la sentencia a su favor de cualquiera de los deudores solidarios que integraban a Comtec, aunque éstos no hubiesen sido partes en el pleito, de acuerdo con lo dispuesto en la citada Regla 51.7 de Procedimiento Civil.
Oportunamente, Henry y José Barreda acudieron ante nos mediante una petición de certiorari, en la cual plantearon los señalamientos de error siguientes:
*703 1. Erró el Tribunal de Apelaciones al determinar que los comparecientes son solidariamente responsables a la demandante por el dictamen que a su favor dictó el Departamento del Trabajo y Recursos Humanos, y que posteriormente convirtió en Sentencia el Tribunal de Primera Instancia.
2. Erró el tribunal en adjudicar la controversia en contra de los comparecientes sin que surja del récord razón alguna para hacerles responsables, no sólo solidarios sino además, únicos del dictamen.
El 17 de marzo de 2006 expedimos el recurso solicitado. El 28 de junio de 2006, luego de una prórroga, acogimos la petición de los Barreda Rivera de aceptar la solicitud de certiorari como su alegato. El 12 de julio de 2006 la parte recurrida presentó su oposición.
Pasamos a resolver.
II
Por encontrarse estrechamente relacionados los errores señalados, procederemos a examinarlos conjuntamente.
Los peticionarios alegan, en síntesis, que erró el Tribunal de Apelaciones al determinar que ellos eran solidariamente responsables frente a Berastain por la sentencia que dictó el Tribunal de Primera Instancia el 12 de septiembre de 2002. Aducen que, en vista de que la única demandada en el proceso judicial fue Comtec —que no tenía personalidad jurídica— el Tribunal de Primera Instancia no adquirió jurisdicción sobre este asunto y, por lo tanto, la sentencia original fue inoperante. Veamos.
A. El alcance de la Regla 51.7 de Procedimiento Civil
Es cierto, como alegan los peticionarios, que la acción instada por el Secretario del Trabajo fue dirigida únicamente contra Comtec, que es sólo el nombre común bajo el cual Monzón y los Barreda hacían negocios. Se trata de una firma sin personalidad jurídica propia. Sin embargo, el foro apelativo encaró el planteamiento de los peticionarios de que la sentencia contra Comtec era inoperante —y no podía hacerse valer contra ellos— invocando la Regla 51.7 *704 de Procedimiento Civil, supra. El Tribunal de Apelaciones, en efecto, acogió el planteamiento de Berastain con respecto a la objeción aludida de los peticionarios, y resolvió que, según lo dispuesto en la Regla 51.7 de Procedimiento Civil de Puerto Rico, la recurrida podía cobrar la sentencia emitida a su favor contra Comtec de cualquiera de los deudores solidarios que integraban dicho negocio, aunque éstos no hubiesen sido partes en el pleito. Examinemos tal dictamen detenidamente.
La Regla 51.7 de Procedimiento Civil se refiere a deudores solidarios y dispone lo siguiente:
Cuando se obtiene una sentencia contra uno o más entre varios deudores solidariamente responsables de una obligación, aquellos deudores que no fueren partes en la acción, podrán ser citados para que comparezcan a mostrar por qué causa no han de estar obligados por la sentencia de igual modo que si hubieren sido demandados desde un principio. La citación, conforme lo dispuesto en esta regla, deberá relacionar la sentencia, y requerir a la persona citada para que comparezca determinado día y hora a mostrar causa de por qué no ha de estar obligada por dicha sentencia. No será necesario entablar nueva demanda. La citación deberá acompañarse de una declaración escrita y jurada del demandante, su agente, representante o abogado, manifestando que la sentencia o parte de ella, permanece incumplimentada y expresando además, la cantidad que a cuenta de la misma se debiere.
Hecha la citación, el deudor citado deberá comparecer en la fecha que se indica en la citación, y en dicha vista podrá aducir cualquier defensa de hecho y de derecho para eximirle de responsabilidad. Las cuestiones así planteadas podrán substanciarse como en los demás casos. (Enfasis suplido.) 32 L.P.R.A. Ap. III.
Como se sabe, la Regla 51.7 no tiene equivalencia federal. Se incorporó al cuerpo de reglas vigente actualmente en Puerto Rico —tomada del derogado Código de Enjuiciamiento Civil— y su fuente originaria fueron los ordenamientos procesales civiles de California y Idaho de principios de siglo pasado que tenían disposiciones similares. Pauneto v. Núñez, 115 D.P.R. 591, 595 (1984).
*705 Lo preceptuado por la regla aludida lo hemos considerado en varias ocasiones. Véanse: Soc. de Gananciales v. Soc. de Gananciales, 109 D.P.R. 279 (1979); Pauneto v. Núñez, supra; Caribbean Ins. Co. v. Tribunal de Distrito, 99 D.P.R. 91 (1970); Durán v. Sucn. Durán, 58 D.P.R. 59 (1941); Balbaño v. Cintrón, 53 D.P.R. 844 (1938); Banco Territorial Agrícola v. Vidal, 42 D.P.R. 869 (1931); Portela v. Saldaña, 39 D.P.R. 542 (1929). La regla en cuestión se fundamenta en el principio de rapidez y economía que en general conforma también a todo el cuerpo de nuestras reglas procesales. Aplica, específicamente, a casos en que se ha demandado y dictado una sentencia contra un deudor que es solidariamente responsable con otros deudores que no fueron partes originalmente en la causa de acción. En tales casos, se puede citar posteriormente a cualquiera o a todos de dichos otros deudores solidarios para que muestren causa de por qué no deben estar obligados por la sentencia en cuestión, como si hubieran sido demandados originalmente.(3)
Debe señalarse que la regla aludida es acorde con el Art. 1097 del Código Civil, 31 L.P.R.A. sec. 3108, que dispone que un acreedor tiene la opción de dirigirse contra cualquiera de los deudores solidarios o contra todos ellos simultáneamente. Además, se reitera en dicho Art. 1097 que las reclamaciones entabladas contra uno de tales deudores no serán obstáculo para las que posteriormente se dirijan contra los demás, mientras no se cobre la deuda por completo. Véase Cámara Insular Etc. v. Anadón, 83 D.P.R. 374 (1961).
Ya hemos resuelto que deben concurrir dos requisitos para que aplique a un caso el trámite de la citada Regla 51.7, a saber: (1) la responsabilidad solidaria previa y (2) que aquellos contra quienes se invoca pudiesen haber *706 sido demandados y emplazados al iniciarse la acción. Ausente cualquiera de estos requisitos, la regla no aplica. Pauneto v. Núñez, supra.
El vínculo previo de solidaridad que contempla la Regla 51.7 entre los aludidos codeudores queda establecido palmariamente cuando surge como consecuencia de un contrato entre los deudores concernidos. Por ello, para ilustrar, en Pauneto v. Núñez, supra, nos referimos en una ocasión, inter alia, a una solidaridad de fundamentos contractuales. Pero, evidentemente, en su sentido literal, lo que la Regla 51.7 requiere es sólo que exista claramente la solidaridad, dispuesta del modo que sea. Así, pues, la solidaridad requerida también podría existir si está preceptuada por ley. Para fines de la Regla 51.7 en cuestión, la solidaridad aludida puede ser contractual o estatutaria. Nada en su claro texto e historial indica otra cosa.
De lo señalado antes, es claro que por lo dispuesto en la referida Regla 51.7, supra, no es necesario que un acreedor tenga que demandar a todos los deudores solidarios de su crédito, sino que la sentencia dictada contra sólo uno de ellos se puede ejecutar contra todos, siempre que se cumplan los requisitos antes señalados. Pero para que este atajo procesal se pueda utilizar, obviamente es necesario que se haya instado una demanda contra, al menos, uno de los deudores solidarios en cuestión. Incoada la acción judicial contra uno de ellos, la sentencia obtenida es ejecutable contra cualquiera o todos ellos.
El referido requisito sine qua non es el que está ausente en el caso de autos. En la acción judicial que aquí nos concierne no se demandó a ninguno de los deudores solidarios en cuestión. Ni Monzón ni los Barreda fueron demandados por el Secretario del Trabajo. La acción en cuestión se instó únicamente contra Comtec, que es sólo el nombre de un negocio, no una entidad jurídica con personalidad propia. Como Comtec no era un deudor solidario, no podía aplicarse aquí la citada Regla 51.7. Erró el foro apelativo al resolver como lo hizo.
*707 B. Jurisdicción sobre los demandados
Sin embargo, lo resuelto en los párrafos anteriores no dispone finalmente de la controversia del caso de autos. Para ello, debe examinarse si aplica y cómo aplica lo dispuesto por la Regla 15.3 de Procedimiento Civil de Puerto Rico, 32 L.P.R.A. Ap. III, que también fue utilizada por el foro apelativo para responsabilizar a los peticionarios.
La Regla 15.3 de Procedimiento Civil, supra, dis-pone lo siguiente:
Cuando dos o más personas operen un negocio bajo un nombre común, comprenda éste o no los nombres de dichas personas, éstas podrán ser demandadas bajo el referido nombre común, siendo suficiente emplazar a una de ellas.
La regla referida ha sido parte de nuestro ordenamiento procesal desde tiempos de antaño del Código de Enjuiciamiento Civil. En efecto, la aplicamos o examinamos originalmente en casos hace muchas décadas atrás. Véanse: Banco de Puerto Rico v. Olivieri y Sobrino, 10 D.P.R. 38, 43 (1906); Cintrón v. Colorado, 22 D.P.R. 580 (1915); Ojeda v. Coll & Gelabert et al., 26 D.P.R. 538 (1918); Rosas v. A. Bruno de Vázquez (Sucn.), 41 D.P.R. 143 (1930).
Como bien ha señalado el comentarista Hernández Colón, infra, la regla anterior establece una excepción a la norma sobre la necesidad de que una parte tenga personalidad jurídica para que pueda comparecer a juicio. Conforme a la Regla 15.3 citada antes, cuando dos o más personas operan un negocio bajo un nombre común, todas esas personas pueden ser demandadas bajo el nombre común, siendo suficiente para ello el emplazamiento de una sola de las personas concernidas. No se requiere que el negocio en cuestión tenga personalidad jurídica. Surge claramente del texto de dicha regla que tampoco es necesario demandar a las personas en cuestión en su propio nombre, sino que basta con que se utilice el nombre común bajo el que ope-ran el negocio, siempre que se emplace a una de esas personas. Todos los comentaristas sobre el procedimiento civil en Puerto Rico están de acuerdo en que al amparo de *708 esta regla, para demandar y someter a la jurisdicción del tribunal a todas las personas que operan un negocio bajo un nombre común, sólo es necesario utilizar el nombre común en la demanda y emplazar a una de las personas que integran el negocio. Véanse: J.A. Cuevas Segarra, Tratado de Derecho Procesal Civil, San Juan, Pubs. JTS, 2000, T. I, pág. 363; R. Hernández Colón, Derecho Procesal Civil, San Juan, Michie de Puerto Rico, 1997, Parte 3, Cap. 11, See. 1114, pág. 107; C.R. Urrutia de Basora y L.M. Negrón Portillo, Reglas de Procedimiento Civil de P.R., 2da ed., San Juan, Ed. Situm, 2005, pág. 98.
En el caso de autos, se demandó inicialmente sólo a Comtec y se emplazó a Alberto Monzón, el Vicepresidente de Comtec, y una de las varias personas que juntos hacían negocio bajo el nombre común de la firma Comtec. De acuerdo con lo dispuesto en la citada Regla 15.3, es correcta la determinación del foro apelativo de que aquí quedaron debidamente demandadas y emplazadas todas las personas que junto a Monzón operaban un negocio bajo el nombre común de Comtec. Ello incluye, evidentemente, a Monzón y a los señores Barreda, peticionarios aquí.(4)
C. La cuestión de la solidaridad
El Tribunal de Apelaciones resolvió, además, que todos los integrantes del negocio Comtec eran deudores solidarios de la recurrida. Para llegar a esta conclusión, trajo a colación lo que la Ley General de Corporaciones de 1995 (Ley de Corporaciones) dispone en su Art. 1.06 (14 L.P.R.A. sec. 2606(c)), a saber:
... Todas las personas que actúen como corporación sin autoridad para ello, y teniendo conocimiento de dicha situación, serán responsables solidariamente de todas las deudas y obli *709 gaciones incurridas o asumidas como resultado de dicha actuación. (Énfasis suplido.)
Conforme al mencionado artículo, es claro que todas las personas que lleven a cabo negocios a nombre de una corporación inexistente incurren en responsabilidad solidaria en cuanto a las deudas y obligaciones que ésta contraiga. Se trata de una carga que impone la ley para procurar que se cumplan cabalmente los requisitos de incorporación.(5)
En el caso de autos es menester que quede meridianamente claro la cuestión de si la responsabilidad de los integrantes de COMTEC por el despido de la recurrida es solidaria o no. De ello depende la respuesta al segundo señalamiento de error de los peticionarios en el caso de autos. Éstos han objetado que se les responsabilice sólo a ellos del dictamen a favor de la recurrida. Evidentemente, en vista de las conocidas reglas sobre el particular, si la responsabilidad de los codeudores es solidaria, la recurrida puede reclamar la totalidad de lo adeudado de cualquiera de ellos. Cámara Insular Etc. v. Anadón, supra.
El fundamento —amparado en la Ley de Corporaciones— en que se basó el foro apelativo para determinar que la responsabilidad de los peticionarios era solidaria presenta problemas. El mismo presupone que los peticionarios comenzaron el proceso de incorporar su negocio pero no lo completaron cabalmente. En tal caso, su responsabilidad hacia Berastain sería solidaria, conforme a la citada disposición de la citada Ley de Corporaciones. Pero, en realidad, no sabemos si ello sucedió así o no. No hay nada en la sentencia del foro de instancia que nos permita llegar indudablemente a tal conclusión, más allá de las alegaciones. Tampoco se abunda sobre ello en el propio dictamen del foro apelativo: sólo se afirma que la responsabilidad es solidaria según la Ley de Corporaciones. Podría ser, a modo de hipótesis alterna, que los peticionarios sencillamente no incorporaron su firma, optando por hacer negocios por *710 cuenta propia, utilizando para ello el nombre comercial de Comtec.(6)
En este caso, sin embargo, no es necesario descansar en la citada disposición de la Ley de Corporaciones para dilucidar la cuestión sobre la solidaridad. Desde al menos 1950, y a partir de Rivera v. Great Am. Indemnity Co., 70 D.P.R. 825 (1950), ha sido norma reiterada en nuestra jurisdicción que los cocausantes de cualquier perjuicio son responsables solidariamente a la persona perjudicada. Hemos aplicado esta norma en numerosas ocasiones y en diferentes contextos, incluso el laboral. Véanse: García v. Gobierno de la Capital, 72 D.P.R. 138 (1951); Torres v. A.M.A., 91 D.P.R. 714 (1965); Torres v. A.F.F., 94 D.P.R. 314 (1967); Serralta v. Martínez Rivera, 97 D.P.R. 466 (1969); Ramos v. Caparra Dairy, Inc., 116 D.P.R. 60 (1985); Odriozola v. S. Cosmetic Dist. Corp., supra; Vega v. Adm. Servs. Médicos, 117 D.P.R. 138 (1986); Sánchez Rodríguez v. López Jiménez, 118 D.P.R. 701 (1987); Arroyo v. Hosp. La Concepción, supra; P.R. Fuels, Inc. v. Empire Gas Co., Inc., supra.
Conforme a los hechos relatados antes, aquí el Tribunal de Primera Instancia celebró una vista evidenciaría en la cual desfiló prueba que pudo ser evaluada por dicho foro, adjudicando credibilidad a los testigos que declararon. De acuerdo con dicha prueba, el foro de instancia consideró probado que Alberto Monzón, vicepresidente de COMTEC, contrató a Jessica Berastain; que el peticionario, Henry Barreda, Presidente de Comtec, la despidió; que estos dos ejecutivos de Comtec, junto a José Barreda, un gerencial de la firma, realizaban sus negocios en común bajo el nombre de Comtec. El foro de instancia determinó, así mismo, que Henry Barreda, Alberto Monzón y José Barreda eran las personas que tomaban las decisiones en Comtec y que *711 eran los responsables de cualquier actuación que ocasionaran daños a un tercero. Más aún, dicho tribunal determinó expresamente que los tres demandados aludidos fueron cocausantes de los daños que sufrió Berastain, quien no sólo fue despedida del empleo en Comtec, sino a quien, además, se le instó a renunciar al trabajo que tenía antes. Dicho foro resolvió que la responsabilidad de los tres demandados referidos era solidaria y que, conforme a la extensa jurisprudencia sobre cocausantes citada antes, no hay fundamentos adecuados para intervenir con lo dictaminado por el foro de instancia.
Es necesario destacar otra vez que a los demandados referidos se les dio la oportunidad de enfrentarse a la prueba aludida que recibió el foro de instancia, pero ellos optaron por no aprovechar dicha oportunidad y prefirieron no ofrecer evidencia en su defensa. Con su proceder dejaron el camino libre y expedito para las determinaciones que formuló el foro de instancia conforme a aquella prueba que tuvo ante sí, las cuales nos obligan.
D. Conclusión
Establecido que existía responsabilidad solidaria con respecto a los tres integrantes de Comtec que fueron cocausantes de los daños que sufrió la recurrida, y que éstos quedaron demandados por lo dispuesto en la citada Regla 15.3 y emplazados a través de su socio y codeudor solidario Monzón, modificamos el dictamen del Tribunal de Apelaciones que determinó que la recurrida Jessica Berastain podía cobrar su reclamación por despido injustificado y discriminatorio de cualquiera de los integrantes de Comtec. Limitamos tal dictamen a aquellos que fueron cocausantes de los daños de la recurrida, según se ha indicado antes. Se devolverá el caso al foro de instancia para que determine el monto específico de lo adeudado, a razón de $1,600 mensuales a partir del 18 de marzo de 2004, fecha cuando indiscutiblemente los tres deudores solidarios de este caso, ya identificados, fueron todos individualmente notificados de este asunto e instados a presentar su defensa propia. Así *712 mismo, el foro de instancia deberá tomar las medidas necesarias para la expedita ejecución de la indemnización referida.

Se dictará una sentencia de conformidad.

El Juez Presidente Señor Hernández Denton disintió con una opinión escrita. El Juez Asociado Señor Rebollo López concurrió sin opinión escrita. El Juez Asociado Señor Rivera Pérez no intervino.

 Henry Barreda Rivera alegó ante nos que los salarios en cuestión se le pagaron a Jessica Berastain, pero en ambas sentencias de los foros a quo se determinó, como parte de los hechos del caso, que no se le pagó a la recurrida por los servicios referidos.

 Las querellas por discrimen contra impedidos se amparan en la Ley Núm. 53 de 30 de agosto de 1992, que enmendó la Ley Núm. 44 de 2 de julio de 1985.

 J.A. Cuevas Segarra, Tratado de Derecho Procesal Civil, San Juan, Pubs. J.T.S., 2000, T. II, págs. 824-825.

 Es necesario enfatizar que después de quedar demandados mediante el mecanismo que provee la Regla 15.3 de Procedimiento Civil, 32 L.P.R.A. Ap. III, los peticionarios comparecieron en dos ocasiones ante el foro de instancia y en ninguna de ellas cuestionaron la manera como habían sido demandados. No ha habido cuestionamiento respecto a la validez de la centenaria regla, según aplicada en el caso de autos.

 Véase C.E. Díaz Olivo, Corporaciones, Hato Rey, Pubs. Puertorriqueñas, 1999, págs. 47-52.

 L.M. Negrón. Portillo, en Derecho Corporativo Puertorriqueño, 2da ed., 1996, Cap. 3, pág. 16, señala que es muy común en Puerto Rico que personas hagan “negocios por cuenta propia pero ocultándose detrás de un nombre, dando así la impresión de que existe un negocio separado y distinto del individuo que realiza las transacciones”.